[Civil No. 1904. Filed January 20, 1922.]

[203 Pac. 567.]

# S. J. MARCHESE, Appellant, v. JOHN J. METHENY, Appellee.

1. MUNICIPAL CORPORATIONS — IN ACTION FOR COLLISION BETWEEN AUTOMOBILES, THAT PLAINTIFF WAS RUNNING AT ILLEGAL RATE NO DEFENSE UNLESS IT WAS PROXIMATE CAUSE OF INJURY.—In an action for injuries received in a collision between automobiles, the defense that plaintiff's automobile was running at an unlawful rate, to be available, must have been the proximate cause of the injury.

2. MUNICIPAL CORPORATIONS—CASE PROPERLY SUBMITTED TO THE JURY ON DEFENSE THAT PLAINTIFF WAS ILLEGALLY SPEEDING.—In a suit for injuries from a collision between automobiles, defended on the ground that plaintiff was negligent in driving at an unlawful speed, where there was evidence that defendant had been negligent in not giving the right of way to plaintiff's car as required by a city ordinance and in driving at an unlawful speed, the case was properly sent to the jury.

APPEAL from a judgment of the Superior Court of the County of Maricopa. *J. E. Jones,* Judge. Affirmed.

Mr. *J. E. Morrison,* for Appellant.

Mr. *F. C. Struckmeyer,* Mr. *Thomas W. Nealon,* and Mr. *C. E. Johns,* for Appellee.

FLANIGAN, J.—Metheny, appellee, the owner of a Hupmobile automobile, left it at Orr & Miller Company's repair-shop and garage in Phoenix, Arizona, for the purpose of having a new set of gears put in

---

1. Liability for collision between automobiles or automobile and another vehicle at or near corner of street or highway, note, L. R. A. 1916A, 745.

Rights and duties of persons driving automobiles in highways, note, Ann. Cas. 1916E, 661.

it. A few days afterwards, and on April 3, 1919, Orr & Miller Company declared the job finished, but Metheny refused to accept delivery of the car until he was satisfied of the fact. A test run being accordingly agreed upon, Mr. Miller of the company drove the car about the streets of Phoenix, Metheny sitting in the front seat with him, while a mechanic from the garage stood on the running-board to listen to the workings of the machinery. While so doing, and traveling south on Fourth Street, in Phoenix, the Hupmobile car and a Ford truck, driven by the appellant, Marchese, in a westerly direction on Adams Street (which intersects Fourth Street at right angles), came into collision in the area of intersection of said streets. Metheny sustained bodily injuries as a result of the collision, and brought this action to recover damages therefor against Orr & Miller Company and Marchese as defendants, alleging in his complaint that the collision and his consequent injuries were the result of the joint and concurrent acts and omissions of the defendants in the negligent driving and operation of the cars so colliding, and testifying on the trial that at the time of collision the Hupmobile car was going twenty-six or twenty-seven miles an hour and the Ford truck at least thirty miles an hour. The defendant Orr & Miller Company pleaded and introduced evidence to show its freedom from negligence, and that the collision was the result of the negligence of Marchese alone in the respects charged by plaintiff; and the defendant Marchese pleaded and introduced evidence to show that the collision was not the result of his negligent act or omission, and asserted that if anybody was in fault it was the plaintiff, or his agent, Orr & Miller Company. The case was tried before a jury, which found in favor of plaintiff and against the defendant Marchese alone, exonerating Orr & Miller Company. The case is before us on the appeal of the

defendant Marchese from the judgment, and the order of the court denying him a new trial.

Upon the trial, a stubbornly contested issue was whether the allegation and admission by plaintiff of the negligence of the driver of his car in driving it at the speed of twenty-six or twenty-seven miles an hour, the limit fixed by law being fifteen miles (section 5134, Civ. Code) was to be imputed or charged to plaintiff as the owner of the car and the person in control thereof at the time of the collision, it being claimed by defendant Marchese that it was to be so imputed because of the relation of master and servant then existing between Metheny and the driver, and by plaintiff that such negligence could not be so imputed to him because the car was then in the possession and control of Orr & Miller Company as bailee by their agent the driver, no final delivery of the car having been made to Metheny, or acceptance thereof by him shown.

The judge of the court below, in effect, decided the questions thus made in favor of appellant, because of his instruction to the jury as follows:

"You are further instructed that, even if the relation between plaintiff and defendant, Orr & Miller Company, was that of bailor and bailee, and that the car was at the time of the accident being operated for the purpose of the bailment, then the operation of the car by the bailee, Orr & Miller Company, was the operation by the bailor, who is the plaintiff. If, then, the jury believe that the car was being operated for the purpose of testing out any of the parts, for the repair of which the car was placed in the hands of the defendant, Orr & Miller Company, or if the car was being operated for the purpose of instructing plaintiff in the use of the clutch, or the gears, or anything connected with the operation of the car, its negligent operation was, as against the defendant Marchese, the negligence of the plaintiff"

—which instruction, when taken in connection with the admission and claim of plaintiff throughout the case that the relation between him and Orr & Miller Company was that of bailor and bailee, and that the car was at the time of the collision being operated for the purpose of the bailment to test out the operation of its parts, was tantamount to a direct statement by the judge to the jury that the plaintiff was to be charged with negligence, as a matter of law, because of the operation of the car in excess of the lawful speed limit. The court further instructed the jury that if the plaintiff was himself guilty of negligence contributing to bring about his injury, he could not recover against the defendant Marchese. It is obvious, therefore, that the jury under these instructions must have based its verdict on a finding that the negligence of the plaintiff did not contribute to the injury, but that it was proximately occasioned by the negligence of the appellant.

The question, therefore, arises, whether such finding was warranted by the evidence. Appellant's contention on this point, in its various phrasings and forms, is, in substance, if not always in the precise language, that—

"If appellee's car had been driven at a lawful speed it could not have been at the place where the accident occurred, and therefore the appellee's negligence was the direct, proximate, and sole cause of the collision."

Appellant's contention thus made cannot avail him unless it is conclusively established by the whole testimony in the case, and all legitimate inferences therefrom, that appellee's injuries were caused solely by his own want of ordinary care. *Twohy Bros. Co. v. Kepon*, 21 Ariz. 606, 193 Pac. 297. We think a premise necessary to that conclusion has not been established, in that the unlawful speed at which appellee's

car was driven cannot be said, under the verdict, to have been a contributing cause of the collision.

"The fact that the driver of a car was exceeding the speed limit at the time of an injury at a railroad crossing or a collision with another vehicle will not bar him from recovery for his injuries unless the excessive speed was a contributing cause of the injury." Huddy on Automobiles, 5th ed., § 304, and cases cited.

The unlawful speed must have stood in the relation of proximate cause to the result, and the jury must be presumed to have found that the speed at which plaintiff's car was driven was but a mere attendant condition or circumstance of the collision, and, as a cause of injury, remote. The precise contention made by appellant here was the subject of the decision in *Berry* v. *Sugar Notch Borough,* 191 Pa. 345, 43 Atl. 240:

"It was urged on behalf of the appellant that the speed was the immediate cause of the plaintiff's injury, inasmuch as it was the particular speed at which he was running which brought the car to the place of the accident at the moment when the tree blew down. This argument, while we cannot deny its ingenuity, strikes us, to say the least, as being somewhat sophistical. That his speed brought him to the place of the accident at the moment of the accident was the merest chance, and a thing which no foresight could have predicted. The same thing might as readily have happened to a car running slowly, or it might have been that a high speed alone would have carried him beyond the tree to a place of safety."

We are in entire accord with this ruling and the reasons given therefor.

On the other hand, there was testimony upon which to predicate a finding of appellant's negligence in two particulars: A violation of the law of the road in not giving appellee's car the right of way, and the unlawful speed at which appellant was driving his car.

It appears that at the time of the collision there was in force and effect an ordinance of the city of Phoenix which provided that "the drivers of all vehicles must look out for and give right of way to vehicles approaching simultaneously from their right at street intersections," and the court, after informing the jury of these terms of the ordinance, followed it with an instruction to the effect that, if the defendant Marchese was the first to cross the intersecting lines of Fourth and Adams Streets, and plaintiff's car was then at a point in Fourth Street sufficiently distant to have permitted defendant to pass in safety, if plaintiff's car had been driven at a lawful rate of speed, then Marchese had the right of way over the crossing as against plaintiff's car, and that if they believed that under such facts the driver of plaintiff's car attempted to pass in front of defendant's car, and thereby caused the collision, the plaintiff could not recover against Marchese.

There was evidence tending to show that appellant was in fault under these instructions in not giving the right of way to plaintiff's car, and, such being the case, we may conclude that the jury found that the speed at which the cars were driven was not the proximate cause of the injury, but rather the failure of the defendant to observe the law of the road laid down in the ordinance, or such failure by him, coupled with the excessive speed at which he was driving.

The case was therefore properly sent to the jury, and we are bound by the verdict. *Inspiration Consolidated Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88; *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116; and, see *Wiser* v. *Copeland, ante,* p. 325, 203 Pac. 565.

The assignments of error mainly relied upon for a reversal of the judgment are either considered above, or their discussion rendered unnecessary by the views we have expressed. Certain other assignments not

argued in the brief we have considered nevertheless, and find them to be without merit.

We find no error in the judgment, and it must therefore be affirmed.

ROSS, C. J., and McALISTER, J., concur.