## HERNDON v. HIGDON.
### No. 17.

Municipal Court of Appeals for District
of Columbia.

Jan. 13, 1943.

Adelard L. Brault, of Washington, D. C.
(Charles C. Collins, of Washington, D. C.,
on the brief), for appellant.

Vance V. Vaughan, of Washington,
D. C., for appellee.

· Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

RICHARDSON, Chief Judge.

Parties will be designated as in the trial
court.

The suit was for damages to plaintiff's
automobile resulting from a collision with
defendant's car at the intersection of 26th
and I Streets, N.W., on June 15, 1942.
Both were private passenger cars. The ac-
cident occurred at noon, the day was clear,
the street dry. The only other traffic noted
was a southbound truck on 26th Street,
north of I Street. There were neither
traffic signs nor signals at this corner.

Plaintiff was driving north on 26th
Street; defendant east on I Street. Plain-
tiff testified that he was driving about 25
miles per hour; that as he approached the
intersection he took his foot off the ac-
celerator but did not apply his brakes; that
at the time of the impact his speed was
25 to 30 miles per hour.

He stated that when about to enter the
intersection he looked to the left and to
the right. He could see about two car
lengths to the left, did not see defendant's
car, and had practically cleared the inter-
section when his car was struck on the
left rear.

A passenger in his car, seated on plain-
tiff's right, testified that when they were
about to enter the intersection he saw de-

fendant's car about two and one-half car lengths away, coming faster than plaintiff's car was moving.

Defendant testified that he approached the intersection at about 20 miles per hour. There was a southbound truck on 26th Street, north of I Street, which stopped and the driver waved him on. He saw plaintiff's car when it was 20 feet from the intersection, applied his brakes and slid to the center of the intersection, the front of his car striking the left rear of plaintiff's.

There were skid marks of defendant's car on the pavement, 12 to 15 feet long, commencing 3 feet within the intersection.

The trial court found that defendant was negligent, denied his defense of plaintiff's contributory negligence, and entered judgment for plaintiff.

■■■ Unquestionably the facts established defendant's negligence.[1] He was required on approaching the intersection, to look both to the left and to the right for on-coming traffic—particularly to his right as traffic from that direction had the right of way. He did look to his left, saw a truck stop, and saw the driver wave him on. He did not see plaintiff's car until it was 20 feet from the intersection—where his own car was at that time he does not state. Until then he did not attempt to apply his brakes or slacken his speed. As he was presumably driving on the south side of I Street, that part which plaintiff's car would first enter, a collision was then practically inevitable.

■ Contributory negligence to bar a recovery is a question of fact, subject, however, to the application of certain definite legal principles depending upon the facts and circumstances of individual cases.

Here it is claimed that plaintiff was negligent because he failed to see defendant's approaching car, citing Faucett v. Bergmann, 57 App.D.C. 290, 22 F.2d 718. That was a pedestrian case. Where automobiles approach an intersection at 25 miles per hour—37 feet per second—other factors enter.

There were cars parked on I Street within 10 or 15 feet of the intersection, which would partially obstruct plaintiff's view of traffic approaching from that direction. He states he could see two car lengths back of the intersection. He did not see defendant's car.

■ Having the right of way over traffic approaching from the left in view of the then proximity of his car to the intersection, he proceeded without looking further. This alone would not constitute negligence in law. He could assume that any car then approaching the intersection would comply with the law.[2]

It is also claimed that the speed at which plaintiff entered and crossed the intersection was excessive and constituted contributory negligence.

■ While we do not find, under the conditions here shown, that plaintiff's car was in fact proceeding at an excessive speed, we think the question before the trial court was whether its speed, if excessive, was a contributing cause of the collision. One driving at an excessive or prohibited rate of speed is not barred from recovering unless that is shown to have been a contributing factor to the ensuing collision.[3]

In Wallace v. Yellow Cab Co., 238 Ill. App. 283, where the facts were nearly identical with this case, the court said: "We think that the court was also justified in finding that the speed at which plaintiff's car was running was not the proximate cause of the collision, and that it was caused by the negligent failure of defendant's chauffeur to check the speed of the cab and allow plaintiff's car to pass in front of it."

■ Under the other conditions existing here, had the speed of plaintiff's car been 20 miles per hour, or even less, the court might well have concluded that this would merely have varied the point of impact of the cars.

■■ We are mindful that one having the right of way is not absolved of the duty of exercising reasonable care in enter-

[1] Gibbs v. Almstrom, 145 Minn. 35, 176 N.W. 173, 11 A.L.R. 227.

[2] J. Maury Dove Co. v. Cook, 59 App.D. C. 61, 32 F.2d 957; Pearson v. Norell, 198 Minn. 303, 269 N.W. 643; Kunz v. Thorp Fire-Proof Door Co., 150 Minn. 362, 185 N.W. 376; Arvo v. Delta Hardware Co., 231 Mich. 488, 204 N.W. 134; Bramley v. Dilworth, 6 Cir., 274 F. 267; Vicker-son v. Standard Auto Sales Co., 64 Cal. App. 287, 221 P. 392; Paulsen v. Klinge, 92 N.J.L. 99, 104 A. 95; 42 C.J. 988.

[3] Coffin v. Laskau, 89 Conn. 325, 94 A. 370, L.R.A.1915E, 959; Marchese v. Metheny, 23 Ariz. 333, 203 P. 567; Godeau v. Levy, 72 Cal.App. 13, 236 P. 354; Spencer v. Phillips & Taylor, 219 Mich. 353, 189 N.W. 204.

ing an intersection.[4] That one is entering in the favored direction must, however, be taken into consideration in determining whether he exercised reasonable care under the circumstances.[5]

We find no error in the action of the trial court.

Affirmed.

---

[4] Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991.

[5] Carlson v. Meusberger, 200 Iowa 65, 204 N.W. 432; McCaffrey v. Automobile Liability Co., Ltd., 176 Wis. 230, 186 N. W. 585; Glatz v. Kroeger Bros. Co., 168 Wis. 635, 170 N.W. 934.