**HASSENPLUG v. VICTOR LYNN LINES, Inc.**

No. 9660.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1948.

Decided Oct. 28, 1948.

See also, 71 F.Supp. 70.

Raymond A. White, of Philadelphia, Pa., for appellant.

Russell Conwell Cooney, of Philadelphia, Pa., for appellee.

Before MARIS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, a Pennsylvania resident, brought suit in the United States District Court for the Eastern District of Pennsylvania against the defendant, a Maryland corporation, for personal injuries and property damage suffered as a result of a collision which occurred after midnight on August 17, 1945 at the intersection of U. S. Highway Routes 40 and 222 near Bainbridge, Maryland. After a trial the jury rendered a verdict in favor of the plaintiff and the court denied the defendant's subsequent motion for judgment n. o. v. The present appeal followed.

Stated in the light most favorable to the plaintiff, since the verdict was in her favor, the facts were as follows: The traffic at the intersection involved was controlled by traffic lights, including lights which regulated left turns from Route 40 into Route 222. The defendant's trailer-truck was being driven southwest on Route 40 which was a dual highway at this point. The plaintiff had driven northeast on the same highway and, desiring to make a left turn into Route 222, had stopped at the intersection, at the place provided for the purpose, to wait for the traffic light regulating left turns to flash green. While waiting, the plaintiff observed the lights of the defendant's vehicle approaching from the northeast. When the traffic light controlling the defendant's southwestbound lane turned red, the light regulating left turns changed to green and the plaintiff proceeded to make the left turn across the southwestbound lane of Route 40 into Route 222. As she was doing so, her automobile was struck by defendant's vehicle, which failed to stop for the red light.

Upon this appeal the defendant contends that under the law of Pennsylvania a green traffic light gives only a qualified permission to proceed, and that since the plaintiff had full knowledge of the defendant's oncoming truck before she started to make her left turn and it was her duty to use care to avoid a collision, she was guilty of contributory negligence as a matter of law. The determination of whether the plaintiff's conduct fell below the standard of due care may not be made under the law of Pennsylvania, however, but rather under the law of Maryland, in which state the operative facts occurred. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Singer v. Messina, 1933, 312 Pa. 129, 167 A. 583, 89 A.L.R. 1271; Restatement, Conflict of Laws, § 385. We accordingly turn to consider the Maryland law.

In the case of Sun Cab Co. v. Faulkner, 1932, 163 Md. 477, 163 A. 194, the plaintiff was a passenger in a cab belonging to the Sun Cab Co. The cab had a green light at the intersection where the accident occurred. There was testimony that the cab was being driven at an unlawfully high rate of speed. Meanwhile a Yellow cab, carrying an injured man accompanied by a police officer, disregarded the red light at the direction of the latter and entered the crossing, colliding with the Sun cab. The plaintiff was injured and sued the employers of both drivers. The jury found a verdict in favor of the Yellow Cab Co. and against the Sun Cab Co. Upon appeal the judgment was reversed, the court holding that a verdict should have been directed for the Sun Cab Co.

The court distinguished this case where traffic was controlled by traffic signals from those cases in which, there being no traffic signals, two drivers approaching each other at an intersection had the burden of determining which had the right to cross unobstructed by the other. The court concluded that the Sun cab driver had the right of way and was entitled to drive forward on the assumption that no one would at that time attempt to drive into the intersection against the traffic signal. The court said that the fact of negligence alone in the rate of speed at which the Sun Cab was being driven did not answer the question of liability if that negligence was not the

cause of the collision and that the only contribution of the Sun Cab to the accident appeared to have been its presence in the intersection at the moment, a circumstance which might have arisen with or without negligence ·in approaching the place.

Cogswell v. Frazier, 1944, 183 Md. 654, 39 A.2d 815, 818, was also a case of a collision at a highway intersection controlled by a traffic light. The court said: " * * * in the case at bar it was not only a question of whether the appellee failed to see appellants' automobile but whether this failure alone, even if proved, was such contributory negligence as created liability, as a matter of law, regardless of whether or not it was the proximate cause of the accident. The point is settled that negligence alone does not answer the question of liability but that the negligence must have been the cause of the collision. * * * In the instant case if the appellee had the green light in his favor as he entered the street intersection, he was entitled to assume that no one would unexpectedly drive across that intersection in violation of the right of way, in which event the jury could readily have determined, as the verdict here indicated, that this violation, and not appellee's failure to see the other car, was the direct and proximate cause of the collision."

It will thus be seen that in Maryland an automobile driver who has been given the right of way at an intersection controlled by traffic signals is entitled to assume that a driver approaching the intersection from the other street will obey the signal. As the favored driver under the law he may proceed across the intersection even though he sees the other driver approaching. Of course, if the other driver disobeys the signal, enters the intersection and thereby places the favored driver in a position of peril it then becomes the duty of the latter to exercise every reasonable precaution to avoid injury. Wlodkowski v. Yerkaitis, Md.1948, 57 A.2d 792. But unless and until that situation is actually presented to the favored driver he is entitled to proceed under the right of way which the traffic signal has given him.

Applying this rule to the case before us it is perfectly clear that the jury was justified in finding that the plaintiff was the favored driver, and that she was, therefore, not guilty of contributory negligence in proceeding to make the left turn in the face of the defendant's approaching vehicle upon the assumption that the defendant's driver would obey the red traffic light in his lane. Whether the plaintiff failed to exercise every reasonable precaution to avoid injury after she saw that the defendant's driver was disregarding the red light and actually entering the intersection was peculiarly within the province of the jury to determine since it involved conflicting testimony and inferences therefrom. Suffice it to say that the jury by their verdict resolved this question in the plaintiff's favor. Under these circumstances it would have been plain error for the court to have directed a verdict for the defendant.

The judgment of the district court will be affirmed.