From a judgment in favor of defendants, Joseph A. Washington and Nola Cabs, Inc., dismissing the suit of plaintiff, Dorris Marie Toups, for damages to her automobile in the amount of $227.25, plaintiff prosecutes this appeal.
On Sunday, March 7, 1948, at the hour of 4:45 p.m., plaintiff was driving her 1941 Ford Convertible Coupe. In the left traffic lane of Canal Street towards the river and proceeded to cross the lakeside intersection of Claiborne and Canal Streets, at a speed of about fifteen or twenty miles per hour; as she approached the riverside intersection of Claiborne and Canal Streets, a 1939 Plymouth Sedan taxicab, owned and operated by defendant, Washington, was driving in the center traffic lane of S. Claiborne Avenue towards Iberville Street. Both cars entered this intersection and the collision occurred when the front of the taxicab was very near to the Canal Street neutral ground. There is a dispute between plaintiff and defendant as to the color of the automatic semaphore traffic signal and the speed of the taxicab at the moment of the accident.
Plaintiff contends that she crossed the lakeside of the intersection of Claiborne and Canal Streets on a green light and that as the entered and attempted to traverse the riverside of the intersection, the taxicab entered the said intersection, in the face of a red light, at a speed of between thirty-five and forty miles per hour and struck the plaintiff's car.
Defendants maintain that Washington was driving about twenty-five miles per hour, but as he approached the intersection *Page 39 
he "slowed down to about fifteen miles per hour"; that before he actually entered the intersection the traffic light was changing from "caution to green" and as he proceeded to traverse the said intersection the traffic light was "green".
Plaintiff insists that the accident arose from the "sole and exclusive negligence of defendant Washington in driving at an excessive rate of speed, entering the intersection against an unfavorable traffic signal, and not having his automobile under sufficient control to prevent the said accident."
Defendants plead that the "sole and entire cause of said accident was the negligence of the plaintiff in crossing the intersection * * * in the face of a red light; failing to drive in a careful and prudent manner, and failing to have her automobile under such control so that she could stop for a red light". In the alternative, defendants plead that if there was any negligence on the part of Washington, then plaintiff was guilty of contributory negligence.
As heretofore stated, the accident occurred at about 4:45 p.m., on Sunday, March 7, 1948, at the intersecting corner of Claiborne and Canal Streets, in the City of New Orleans. Claiborne Street is a wide thoroughfare having two driveways, one for ascending and one for descending traffic, separated by a neutral ground. Canal Street, also a wide boulevard, has two driveways, one for ascending and one for descending traffic and is likewise divided by a neutral ground. There are automatic police semaphore traffic signals at this intersection to facilitate the regulation of traffic.
The record reflects that plaintiff was driving her automobile in the left traffic lane of Canal Street, towards the river, and crossed the lakeside intersection of Claiborne and Canal Streets, at a speed of fifteen to twenty miles per hour, and that as she approached the riverside intersection, Washington was driving his taxicab in the center traffic lane of S. Claiborne Avenue towards Iberville Street, at a speed of between thirty-five and forty miles per hour; that plaintiff first noticed the taxicab when she was in the center of the neutral ground which separates the lake and river side traffic lanes of Claiborne and Canal Street intersection. Plaintiff testified that when she saw the taxicab enter the intersection at an excessive rate of speed, she immediately applied her brakes, but not in sufficient time to avoid the collision.
Plaintiff's testimony is substantially corroborated by Miss Mae Demaree, a passenger in plaintiff's automobile.
We are impressed with the testimony of a completely disinterested witness, Mr. Ernest George Keller, who, testifying on behalf of the plaintiff, stated that he was standing, with his son, on the downtown river corner of Claiborne and Canal Streets, adjacent to the intersection, which was the site of the collision. He stated that he first saw the cab when it was a block away from the situs of the accident and that his attention was directed to the cab "because his speed was excessive and to me he was going at a terrific rate of speed and I wondered at the time just what would happen if he continued at that rate of speed and hit that intersection at Canal and Claiborne at that time in the afternoon". He further testified that the operator of the taxicab made no effort to slow down or to blow his horn, and that it definitely entered the intersection on an unfavorable or red light. When asked when he first saw the plaintiff, he replied: "When I first noticed her car, I'd say it was a fraction of a minute before the accident. I noticed this cab coming and then naturally I looked out Canal Street wondering if anything was coming and I saw this lady's car and she was traveling at a sane rate of speed."
In contradiction of the very positive testimony of plaintiff and her witnesses, we have only the testimony of the operator of the taxicab, Joseph A. Washington, who testified that he was driving about twenty-five miles per hour, in the center traffic lane of S. Claiborne Avenue, going in the direction of Iberville Street, but as he approached Canal Street he slowed down to about fifteen miles per hour; that he was alone in the cab and that another car was in *Page 40 
the left traffic lane of Claiborne Avenue nearest to the neutral ground and both cars were travelling to the intersection together, and that the semaphore signal was on "caution" as they approached the intersection, but before actually reaching the intersection, the said signal had changed from "caution" to "green", and that the first time he saw the plaintiff's car was when the collision occurred. Defendant further testified as follows: "Q. Was there anything there to hinder your vision of the driveway of Canal Street? A. Well, there was a car on the inside side of me and what happened was we both started across the neutral ground when the light changed. One car beat me across.
"Q. That was a car between you and Miss Toups? A. Yes Sir and he was going faster than me. I imagine he was about three (3) feet in front of me and he beat me across.
"Q. In other words, he got across in front of you before your car and Miss Toups' car collided? A. Yes.
"Q. And you did not see her at all until the actual striking of the cars? A. That's right."
Plaintiff and her witnesses dispute the testimony of defendant to the effect that the car on his left "beat him across" the intersection. On the contrary, they state very positively that the car on defendant's left stopped for the traffic travelling in Canal Street and across Claiborne Avenue.
The testimony of the disinterested witness, Keller, is particularly impressive on this point:
"Q. Was there any other traffic on Claiborne Avenue, coming in the same direction the taxicab driver was going? A. I'd say there was one (1) car. That car was parked there waiting for the light to change to his favor. I wouldn't say he was going, I'd say he was stopped, the car was stopped."
A careful reading of the record convinces us that the defendant was negligent and the only remaining question posed by the facts herein is whether the plaintiff was guilty of contributory negligence.
We are cognizant of innumerable cases, the opinions of which conclude that a vehicle on a favored street should not be driven in complete reliance upon "the right of way" and by virtue thereof alleviate the operator from all responsibility under the circumstances. It is now well settled that when a collision with a vehicle approaching an intersection on a less favored street appears imminent, such care must be exercised as is consistent with the danger, irrespective of "the right of way". However, a motorist on a favored street is certainly in a position of advantage and has a right to assume that other drivers will respect the automatic semaphore system of traffic regulation and not violate the signals. In our opinion, the case would have to be extreme which would justify a conclusion of negligence on the part of the operator of a vehicle, situated as was the plaintiff, for failure to avoid colliding with the taxicab which was traveling at an excessive rate of speed against the traffic signal and in derogation of the assurance which it afforded plaintiff.
As the taxicab approached the intersection there was a time when it may have been apparent to a reasonably prudent person that the driver of the cab intended to disregard all traffic regulations and, if it was proved that the plaintiff comprehended that situation in sufficient time to avoid the collision by stopping her car or otherwise, we would then consider her failure to do so as contributory negligence. However, plaintiff testified, without contradiction, that when she observed that the taxicab would not stop in obedience to the traffic light, she did everything that a reasonably prudent person would do in order to bring her car to a stop and thus avoid the collision. It is true that the defendant was observed by plaintiff when he was at the intersection of Claiborne and Canal Streets, proceeding at a rapid rate of speed, but there is nothing in the record to indicate that at that distance defendant could not have stopped in time to avoid the accident. When it became apparent that Washington was not going to make any effort to bring his cab to a stop, it was *Page 41 
impossible for plaintiff to stop her car in time to avoid the accident.
In Kientz v. Charles Dennery, Inc., 209 La. 144,24 So.2d 292, 294, the Supreme Court said: "It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law. But it also can not be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than if there were no such signals and therefore less care is exacted."
It is, therefore, our opinion that the plaintiff was not guilty of contributory negligence and should recover.
Counsel for plaintiff and defendants stipulated the amount of damages in this matter amounted to the sum of $211.25 and, therefore, this item is not in question. However, there is a dispute relative to an item of $16 growing out of "wrecker service and storage of plaintiff's car". Plaintiff testified that following the accident, it was necessary for her to employ the services of Richardson's Pan-Am Station to move her car from the scene of the accident and ultimately store it for her; that she had paid the sum of $16 for these services. Plaintiff offered in evidence the paid bill in that amount and this offer was objected to by counsel for defendants on the theory that the bill had not been properly proven up. This objection was maintained by the court a qua. We are of the opinion that this objection should have been overruled and that this item of damage should be allowed.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of plaintiff, Dorris Marie Toups, and against the defendants, Joseph A. Washington and Nola Cabs, Inc., in solido, in the sum of $227.25, with legal interest from judicial demand until paid. Defendants to pay all costs.
Reversed.