**SCOTT v. WILSON, to Use of NATIONAL FIRE INS. CO. OF HARTFORD.**

No. 1001.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 11, 1950.

Decided Dec. 20, 1950.

322

Alfred F. Goshorn, Washington, D. C., for appellant.

Howard J. McGrath, Washington, D. C. (H. G. Warburton, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Oakley L. Wilson sued for damages resulting from an automobile collision. Defendant, Leona Scott, filed a counter-claim for her damages. Sitting without a jury, the trial court found for plaintiff on both claims, and this appeal follows.

The collision happened at 9th and M streets, N. W., an intersection controlled by traffic lights. Plaintiff testified that defendant entered the intersection against a red traffic light. Three witnesses supported this testimony, while defendant and one other witness testified that the light was green in her favor when she drove into the intersection. The trial judge found that defendant entered the intersection against the red light, that plaintiff was not negligent, and that it was the negligence of the defendant which caused the collision.

On this appeal defendant does not challenge the correctness of the finding that she entered the intersection against a red light, but she argues that plaintiff should have been found guilty of contributory negligence. That makes it necessary to discuss the testimony somewhat more in detail. Plaintiff testified that he had stopped for a red light at the intersection and when the light turned to green in his favor, he saw defendant's automobile about twenty-five feet from the intersection; that he proceeded into the intersection "as he thought the defendant would stop her automobile at the corner because the red light was against her;" that she did not stop but continued on and struck his automobile in the middle of the intersection; and before coming to a halt swerved into another vehicle which was standing still. On cross-examination he estimated the speed of defendant's automobile at 35 to 40 miles an hour. He said he based this estimate on his observation of defendant's automobile from the time he first saw her until the time of the impact, and also on the force of the impact. He said that he had not tried to stop his automobile, which was in low gear, repeating that he thought defendant would stop and not enter against the red light. Defendant admitted that "she looked neither to the right nor left but only straight ahead," and that she did not see the plaintiff's automobile until just before the impact. She argues here that plaintiff was negligent in entering the intersection, even on a green light, when confronted by her automobile approaching at a 35 to 40 mile rate, and that his was the last clear chance to avoid the collision.

We rule that plaintiff had a right to assume that defendant would obey the law and would not ignore the red light which was confronting her. This is in line with two earlier decisions of this court.

Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269, and Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854. It is in line also with decisions of many other courts.[1] Naturally, we do not say that the green light gave the plaintiff the right to drive blindly into the intersection, oblivious of any hazards that were there. But we do say that the trial judge was justified in ruling that the evidence did not establish negligence on the part of the plaintiff and that the negligence of defendant was the proximate and producing cause of the collision. To repeat that which has been repeated many times before, if fair-minded men may honestly draw different conclusions as to the existence or non-existence of negligence, the question is not one of law but of fact. And under the circumstances of this case, the applicability of the last clear chance doctrine, like the question of primary negligence, was for the trier of the facts to determine.

We do not agree with defendant that the trial judge was required to decide the case on the theory that she was traveling 35 to 40 miles an hour when only twenty-five feet from the intersection. Defendant herself said that her speed was 18 to 20 miles and plaintiff's estimate of the much higher rate was not binding on the court. Estimates like these, based on quick observations made in moments of stress and peril, are notoriously unreliable, and courts act wisely in appraising them realistically.

There is no help for defendant in our decision in Rogers v. Cox, D.C.Mun.App., 75 A.2d 776, on which she places reliance. There, because the evidence was largely documentary and because both drivers were proceeding on the same green light, and because of other special circumstances, we ruled that plaintiff had initiated the succession of events which brought about the accident and that he was as a matter of law guilty of contributory negligence. That cannot be said of this case; or at any rate the trial judge was not *required* to say so.

Affirmed.

I. E.g., Hassenplug v. Victor Lynn Lines, 3 Cir., 170 F.2d 519; Toups v. Washington, La. App.1949, 43 So.2d 37.