Lloyd Jacob BANKARD, to his own use and to the use of American Casualty Company of Reading, Pennsylvania, a corporation, Appellants,

v.

Isadore Elliott LEVINSON and Renee J. Levinson, Appellees.

No. 1991.

Municipal Court of Appeals for the District of Columbia.

Argued May 27, 1957.

Decided July 10, 1957.

Rehearing Denied July 23, 1957.

Sol Friedman, Washington, D. C., with whom Leonard Lipshultz, Washington, D. C., was on the brief, for appellants.

Leonard C. Collins, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case arose out of an automobile intersection collision and presented issues of negligence and contributory negligence. According to the statement of proceedings and evidence, plaintiff testified that he was traveling at a speed of about 20 to 25 miles per hour in a northerly direction on Connecticut Avenue, a wide street with three lanes for northbound traffic. When he was two or three car lengths from the intersection with Chesapeake Street [1] he observed defendant's automobile [2] facing west and stopped slightly ahead of the stop sign on Chesapeake Street. He also noticed that there was a barricade with hanging red lanterns on Connecticut Avenue a short distance north of the crossing, but that all three traffic lanes were open. He removed his foot from the accelerator, thereby reducing his speed, but did not apply his brakes.

At this point the statement of proceedings and evidence reads as follows:

"When he [plaintiff] was at or in the intersection (he later stated between 2 or 3 car lengths) at the imaginary south curb line of Chesapeake Street, the automobile that had been stopped at the "Stop" sign suddenly started across the intersection in a westerly direction. Plaintiff * * * testified that he immediately applied his brakes but could not avoid the collision. The right front fender of his car was in contact with the left front fender of the defendants [sic] vehicle. His car came to a complete stop at the point of impact, whereas, the defendants [sic] automobile swerved to the right and continued north up Connecticut Avenue * *."

Plaintiff stated that after the collision he spoke with defendant Renee Levinson and she told him that she saw him coming but thought she could make it across.

A police officer, who investigated the accident, testified that she told him she was stopped at the stop sign when she observed plaintiff's vehicle traveling north on Connecticut Avenue, about 60 or 70 feet south of the intersection; and that she started across the intersection because she thought she could make it. Defendant did not testify herself or offer any evidence.

The court found that Renee Levinson was negligent in that she failed to yield the right-of-way to an approaching vehicle while she was stopped at a stop sign. However, the court further ruled that

"* * * the plaintiff * * * was contributorily negligent in that he failed to apply his brakes and thus reduce the speed of his vehicle when approaching the intersection of Connecticut Avenue and Chesapeake Street, N.W., after having observed a vehicle standing at the intersection and having observed a lighted red lantern a short distance beyond the intersection. * * *"

On appeal the contention is made that under the circumstances there was no duty on the part of plaintiff to apply his brakes and thus reduce his speed. We must agree.

---

1. Later he stated that he was four or five car lengths away.

2. The car was owned by Isadore Levinson and driven by Renee Levinson.

Plaintiff, as the favored driver, had the right, when approaching the intersection, to assume that defendant would comply with the law and yield the right-of-way.[3] The trial judge found that she was still stopped as plaintiff approached, and under these circumstances there was no duty imposed on plaintiff to anticipate defendant's negligence and he therefore had the right to proceed. The fact that plaintiff observed red lanterns and a barricade a short distance north of the crossing is of no significance, for the undisputed evidence showed that the flow of traffic was not thereby impeded, and that all lanes were still open.

Since the ruling of contributory negligence on the part of plaintiff was based solely on the premise that he had a duty to apply his brakes and reduce his speed, we must reverse with instructions to enter a finding for plaintiff on the issue of liability. At the trial the question of damages was contested and plaintiff introduced some evidence on the point, but no specific finding was made. Accordingly, we remand the case with instructions to award a new trial limited to the issue of plaintiff's damages.

It is so ordered.

3.  Lewis v. Shiffers, D.C.Mun.App.1949, **67** A.2d 269, 271.