Elvin Albert McDANIEL, Appellant,

v.

Leonard CUSIMANO, Jr., Appellee.

No. 2277.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 13, 1958.

Decided Feb. 9, 1959.

**304**

Jeff Busby, Washington, D. C., for appellant.

Harry E. Taylor, Jr., Washington, D. C., for appellee. Richard V. Waldron, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This appeal is the aftermath of several suits brought as the result of two collisions, involving three cars, at a street intersection.

Suit was brought by Cusimano for personal injuries and property damages against defendants McDaniel and Spencer. The jury returned a verdict in his favor against McDaniel only. On the cross-claims filed by defendants, each charging the other with negligence, the jury found against the party bringing the claim in both instances. This appeal was taken by McDaniel from the judgment entered on the verdict against him in the original suit.

The facts as gathered from the evidence were these: A light rain was falling when the accidents occurred early in the afternoon of August 25, 1957. McDaniel testified that he entered Kansas Avenue, a six-lane highway, from Allison Street and was traveling south at a speed of between 20 and 25 miles per hour. As he approached the intersection at Webster Street after going less than a block, he saw Spencer proceeding in an easterly direction from Webster into Kansas Avenue and across the lane of traffic in which he was traveling. In an attempt to avert an accident, McDaniel stated he applied his brakes and "veered" to the left, the right rear end of his vehicle colliding with the left front part of Spencer's car. The impact caused him to lose control of the vehicle and it continued across the center of Kansas Avenue, a distance of some 60 feet, into the path of oncoming motorists where it struck Cusimano's car.

Spencer testified that observing the official "Stop" sign on Webster Street, he came to a complete stop at the intersection. Parked cars on his left prevented him from observing traffic on his left, and in order to get a better view, he moved forward into Kansas Avenue where he again came to a full stop. He stated that he saw McDaniel approaching at a speed estimated to be between 30 and 35 miles per hour, and that at the time of the collision his (Spencer's) car was not in motion.

Cusimano's testimony as to the happening of the accidents did not vary substantially from that of McDaniel. He did, however, testify that Spencer's car was in motion at the time of the first collision. Two other witnesses traveling in the same car north on Kansas Avenue were called. Both estimated McDaniel's speed to be at 30 to 35 miles per hour and both testified that Spencer's car was not moving when it was struck. They examined the tires on McDaniel's car at the scene of the accidents and found that his right rear tire did not have tread.

■ Three errors are assigned by McDaniel. In the first, he contends the court erred in denying his motion to dismiss the complaint for failure to state a cause of action. Defendant's motion should properly have been phrased as a motion to dismiss

for failure to state a "claim upon which relief can be granted" as it is the claim for relief and not a cause of action that is tested on such a motion.[1]

 Defendant's argument on this point is predicated on the vagueness of the pleading. He contends that it does not recite facts from which negligence can be inferred. We need not dwell on this issue at length as the rules governing the trial court's determination of a motion of this kind are thoroughly reviewed in Cox v. Episcopal Eye, Ear and Throat Hospital, D.C.Mun.App., 134 A.2d 328. In that case, we stated indefiniteness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for more definite statement. McDaniel did not move for an amendment of the complaint and it does not appear that he was in doubt as to the nature of Cusimano's claim or unable to prepare an answer. His answer denied negligence and alleged that at the time of the collisions he was operating his automobile with care. Moreover, any vagueness or lack of clarity in the pleading was cured with certainty by Cusimano's pretrial statement wherein the acts of negligence relied upon were specifically recited.[2]

 In his second assignment of error, McDaniel argues that the court erred in denying his motions for directed verdict made after plaintiff's case in chief was in and at the close of all evidence. In Shu v. Basinger, D.C.Mun.App., 57 A.2d 295, this court stated:

"Automobile collisions at street intersections nearly always present questions of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inferences must be drawn. * * * Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal."

This statement is no less appropriate here. On the vital issues of negligence and proximate cause there was conflicting testimony among the parties and witnesses. The court quite properly submitted the issues to the jury.

 Finally, McDaniel contends the court erred in refusing to instruct the jury that there was no duty on him to apply his brakes and reduce his speed when approaching the intersection because, as the motorist on a favored highway, he had a right to assume that Spencer would comply with the law[3] and yield the right of way.[4] The record does not contain the charge to the jury, but it does disclose that no instruction of this kind was given. We think we may nevertheless rule on the point because it is our view there was no foundation in the evidence for the instruction.

It is fundamental that jury instructions should be confined to matters put in issue by the pleadings and supported by proof.[5] The instruction requested by defendant contemplates a situation in which a motorist traveling on a favored highway observes another either approaching the intersection or already at a full stop. The favored motorist may then assume that the latter will yield the right of way to those on the favored highway. If he proceeds into the arterial highway without yielding the right

---

1. 1 Barron and Holtzoff, Federal Practice and Procedure, § 356, p. 643 (1950).

2. The pre-trial statement was not included as a part of the record on this appeal. However, we have examined it pursuant to our Rule 32(c).

3. Traffic and Motor Vehicle Regulations of D. C., Part I, § 48.

4. See Bankard v. Levinson, D.C.Mun.App., 134 A.2d 101; Lewis v. Shiffers, D.C. Mun.App., 67 A.2d 269.

5. 3 Am.Jur., Appeal and Error, § 1103 et seq.

of way to vehicles approaching so closely as to constitute an immediate hazard and an accident results, the favored motorist is generally entitled to this instruction.

Neither version of the accidents is consistent with this situation. The evidence supporting one view shows that Spencer's vehicle was not proceeding into the favored highway, but was at a full stop. The evidence supporting defendant's version tends to show that when McDaniel observed Spencer, the latter had left Webster Street and was into Kansas Avenue crossing the lane of traffic in which McDaniel was driving. Under these circumstances, the favored motorist could hardly assume that Spencer would stop and yield the right of way. The court was therefore correct in its refusal to give the instruction.

Affirmed.