CALL CARL, INC., a corporation, and Henry Nelson Yenney, Appellants,

v.

Hollis S. DEADWYLER and D. C. Transit System, Inc., a corporation, Appellees.

No. 3044.

District of Columbia Court of Appeals.

Argued December 3, 1962.

Decided Jan. 29, 1963.

---

James A. Welch, Washington, D. C., with whom J. Harry Welch, H. Mason Welch, J. Joseph Barse and Walter J. Murphy, Jr., Washington, D. C., were on the brief, for appellants.

Francis L. Casey, Jr., Washington, D. C., for appellee D. C. Transit System, Inc.

Arthur W. Jackson, Washington, D. C., entered an appearance for appellee Deadwyler but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

A D. C. Transit bus passed a stop sign and struck another motor vehicle owned by appellant Call Carl, Inc., and driven by its employee, appellant Yenney. Mrs. Dead-wyler, a passenger on the bus, was injured in the collision and sued D. C. Transit, Call Carl, Inc., and Yenney as joint tortfeasors. D. C. Transit admitted its liability in the collision, but contended that Yenney and Call Carl, Inc., had also been negligent and that their negligence had been a concurring or contributing cause of the accident. Defendants also cross-claimed against each other for contribution. After instructions by the trial court, the case was submitted to a jury upon the admission of liability by D. C. Transit and for determination of the question of appellants' concurring responsibility, if any, in causing the collision and for fixing damages for injuries sustained by the bus passenger. The jury returned a verdict for Mrs. Deadwyler against all defendants and the trial court ordered contribution upon their cross-claims. From these judgments Call Carl, Inc., and Yenney have appealed.

A number of errors are alleged, but in view of our disposition of this appeal, it is necessary to consider only one.

Appellants contend they were entitled to directed verdicts on the ground that there was insufficient evidence of any negligence on the part of Yenney concurring or contributing to the collision in the intersection and therefore the question of liability of the appellants should not have been submitted to the jury for determination. Appellee D. C. Transit contends that Yenney was negligent because he failed to give full time and attention to the operation of his vehicle and to reduce its speed when entering the intersection, both contrary to traffic regulations.[1]

Yenney testified he was driving at 20 to 25 miles per hour as he approached the intersection. He saw the bus coming from his right and assumed it would comply with the stop sign at the intersection and yield the right of way. The bus was then 100 feet from the intersection and his car was 45 to 50 feet away. As Yenney entered the

---

1. D.C. Traffic and Motor Vehicle Regulations, §§ 99(c) and 22(c).

intersection, he looked to his left and again to his right. He then saw for the first time that the bus had not stopped and was coming into the intersection. He turned his vehicle to the left to avoid colliding, but when he was about one-half way across the intersection. the bus struck his car on the right side. This testimony was not contradicted by the bus driver who stated he first saw appellants' car seconds before the collision but could not estimate its speed. It was conceded that the bus driver made no effort to obey the stop sign and yield the right of way to the other vehicle that had already entered the intersection.

■ Even though a driver has the right of way, it is not absolute. He is still required to exercise reasonable care in entering an intersection, but the fact that he does have the right of way on a favored highway must be weighed and considered when determining whether he behaved reasonably under the circumstances.[2] For example, a driver having the right of way can assume that another driver will comply with the law and stop before entering an intersection and yield the right of way to a car on a favored highway or so close thereto as to constitute an immediate hazard.[3] He has no duty to anticipate disobedience of the law or negligence by the other driver; nor is it his obligation to exercise more than ordinary care under the circumstances.

The record clearly shows reasonable behavior by Yenney in operating his car at the time, and this issue should not have been submitted to a jury for speculation. The jury could not reasonably have found that Yenney's failure to reduce his speed before entering the intersection was either a concurring or contributing cause of the col-

lision; nor could the jury have found from the evidence that Yenney was not giving full time and attention to the operation of his car. The sole responsibility for the collision was the bus driver's admitted negligence in omitting to stop before entering the intersection and to obey the traffic regulation by yielding the right of way to appellants' car already within the intersection. Yenney had every reason, in the exercise of ordinary care as a driver, to expect the bus would stop before entering the intersection. As we had occasion to say previously:[4]

"* * * Plaintiff, as the favored driver, had the right, when approaching the intersection, to assume that defendant would comply with the law and yield the right-of-way. * * * there was no duty imposed on plaintiff to anticipate defendant's negligence and he therefore had the right to proceed. * * *"

■ The appellants having acted reasonably in the exercise of their right of way and there being insufficient evidence as a matter of law showing negligence on their part concurring or contributing to the collision, we rule that appellants' motion for directed verdicts at the conclusion of the case was improperly denied.

As we have held that appellants were not jointly responsible as tortfeasors, the judgment of the trial court against them must be set aside, leaving the judgment for the total amount of the jury verdict against D. C. Transit, and the judgment upon the cross-claims ordering contribution reversed.

Judgments against Call Carl, Inc. and Henry Nelson Yenney reversed; Judgment against D. C. Transit System, Inc., affirmed; Judgments on cross-claims reversed.

---

2. Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854, 855.

3. McDaniel v. Cusimano, D.C.Mun.App., 148 A.2d 303, 305; Bankard v. Levinson, D.C.Mun.App., 134 A.2d 101; Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269.

4. Bankard v. Levinson, supra, 134 A.2d note 3, p. 103.