**D. C. TRANSIT SYSTEM, INC., a corpo-ration, Appellant,**

v.

**Homer F. COFFEY and Arles Gordon, Appellees.**

No. 3208.

District of Columbia Court of Appeals.

Argued April 15, 1963.

Decided May 17, 1963.

David L. Hilton, Washington, D. C., for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This case involved a collision between a bus of the D. C. Transit System and a truck at an uncontrolled "T" intersection. D. C.

1. Kelley v. Real Estate Com'n of District of Columbia, D.C.Mun.App., 172 A.2d 415; Eiland v. Ahearn, D.C.Mun.App., 153 A.2d 312.

Transit sued both the driver and the owner of the truck for damages to its bus; the latter counterclaimed for damage to his vehicle. Trial resulted in judgment for damages to the truck and denial of recovery to D. C. Transit. This appeal ensued.

The sole error charged is the refusal of the trial judge to consider the provisions of Sections 46(a) and 46(b) of the Traffic and Motor Vehicle Regulations of the District of Columbia in reaching a decision as to the responsibility for the collision.

The record reveals that the bus was in the process of completing a left turn to proceed in a southerly direction at an uncontrolled "T" intersection. The truck was coming in a northerly direction into the intersection. Directly involved was the issue of the right-of-way between them, but the trial judge ruled that only Sections 36(b) and 39(a)[1] of the traffic regulations applied and that the sole proximate cause of the accident was the bus driver's negligence in failing to execute his left turn in the manner set forth in the regulations. He specifically held that Sections 46(a) and 46(b)[2] were not relevant since the bus was turning left rather than proceeding through the intersection without turning.

"Intersection" is defined in the traffic regulations as "[t]he area embraced within the prolongation or connection of the lateral curb lines or, if none, then of the lateral boundary lines of two or more roadways which join one another at an angle, whether or not one such roadway crosses the other."

Although the intersection formed by the junction of the two streets here involved was T-shaped, this did not exclude it from the definition of "intersection," and Sections 46(a) and (b) in this situation dealing with a right-of-way between two motor vehicles should have been admitted and considered by the trial judge. The bus, after entering the intersection, had to turn either right or left. While it was in the process of making a left turn in the intersection and the truck was entering it, the collision took place. Testimony on the movements of the two vehicles up to the point of collision was conflicting and the trial judge should have considered the evidence in the light of all pertinent traffic regulations. Failure to consider proffered Sections 46(a) and (b) in the present situation was prejudicial to the bus owner.

We do not imply that upon a new trial the result will be different. We only hold that the trial judge erred in not considering Sections 46(a) and (b) in deciding which vehicle had the right-of-way, for it is well settled that right-of-way is relative and not absolute and is largely dependent upon the special circumstances of each case.

Reversed with instructions to grant a new trial.

1. Sec. 36
(b) Approach for a left turn from a two-way street into a two-way street shall be made in that portion of the right half of the roadway nearest to the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.
Sec. 39
(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 36, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a road-

way unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

2. Sec. 46
(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.