194 A.2d 303 (1963)
DISTRICT OF COLUMBIA, a municipal corporation, Appellant,
v.
Vincent F. LAPIANA and Frances G. Lapiana, Appellees.
No. 3316.
District of Columbia Court of Appeals.
Argued September 23, 1963.
Decided October 16, 1963.
David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellant.
Harvey B. Bolton, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.
Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).
MYERS, Associate Judge.
This case involved an intersectional collision between appellees' automobile and an ambulance of the District of Columbia Fire Department on an emergency run. The District sued for property damages and the trial judge, sitting without a jury, found for appellees, holding the driver of the emergency vehicle solely responsible. The District claims this was error and that the driver of the ambulance should have been relieved of all responsibility as a matter of law.
The record includes testimony to support the following findings: that the ambulance, with its siren operating and red light flashing, entered the intersection against a red light; that the driver's vision at the time was obstructed by a stopped or stopping bus *304 at the corner; that this bus was an obstacle which also contributed to prevent appellees from hearing the siren or seeing the flashing red light on the ambulance; that it was a windy winter night and appellees had their car windows closed when they approached and entered the intersection on a green light; that appellees were not put on notice of the presence of the ambulance in the area by other motorists pulling to the curb; that no other person in the vicinity heard the siren at the time except a fireman whose position at the scene was not given; and that the ambulance driver never saw the other car until impact occurred half way across the intersection, although he claimed to have stopped before entering.
Section 6(b) 2 of the Traffic & Motor Vehicle Regulations of the District of Columbia provides that the driver of an authorized emergency vehicle may "[P]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;" and although Sec. 50(a) 1 of the Regulations directs that the driver of every other vehicle shall yield the right-of-way to an authorized emergency vehicle, Sec. 50(b) (and, in similar language, Sec. 6(d)) provides that the driver of such a vehicle is not relieved from the duty to drive with due regard for the safety of all persons using the highway.
In view of these regulations and the facts of this case, we cannot say that the trial judge, who had the opportunity to hear the testimony, evaluate the demeanor of the witnesses and weigh their credibility, was in error in finding that the ambulance driver did not exercise due care under the circumstances and that this was the sole cause of the collision. Certainly under these circumstances the trial judge could hold that the driver of appellees' car was not negligent as there was no reason that he, while proceeding on a green light, should anticipate that another vehicle would enter the intersection against a red signal.[1]
Negligence, contributory negligence and proximate cause become questions of law only when but one reasonable inference can be drawn from undisputed facts.[2] Intersectional collisions nearly always present questions of fact. It is the exceptional case that does not. This case is not one of those exceptions.
We have previously held that right-of-way at intersections is not absolute, but relative, according to the special circumstances of each case.[3] Although these decisions involved uncontrolled intersections, we are satisfied that the same rule is applicable to an intersection controlled by traffic lights where one of the cars is an emergency vehicle entering against a red light. Although the right to enter and cross an intersection is ordinarily open to the vehicle facing a green or "go" light, the traffic regulations have made an exception in the case of an ambulance upon an emergency run, which is given priority in crossing an intersection upon a red or "stop" signal, but with this right goes a commensurate responsibility to exercise care not to injure other persons upon the highway. Whether under the circumstances in the present case the ambulance driver exercised the degree of care called for by the traffic regulations was a question of fact which was resolved against him, the finding being that he was solely responsible for the collision with the other vehicle.
Upon the record we cannot say that this decision was manifestly wrong as a matter of law.
Affirmed.
NOTES
[1] Call Carl, Inc. v. Deadwyler, D.C.App., 187 A.2d 701, 703.
[2] Tan Top Cab Company v. Shiller, D.C. Mun.App., 125 A.2d 68.
[3] D.C. Transit System, Inc. v. Coffey, D.C. App., 190 A.2d 819; Holmes v. Stahl, D.C.App., 190 A.2d 102; Call Carl, Inc. v. Deadwyler, supra n. 1.