**Duane Willis CLARK and Government Employees Insurance Company, a corporation, Appellants,**

v.

**INTERSTATE INSURANCE COMPANY, subrogee of James R. Hill, Jr., and Milton Lee Black, Appellees.**

**No. 4097.**

District of Columbia Court of Appeals.

Argued Jan. 22, 1968.

Decided March 15, 1968.

---

George H. Eggers, Washington, D. C., for appellants.

Lyon L. Tyler, Jr., Washington, D. C., for appellee Interstate Ins. Co. Charles P. Hovis, Washington, D. C., also entered an appearance for appellee Interstate Ins. Co.

Walter W. Pitsenberger, Washington, D. C., for appellee Black.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

On March 20, 1964 about 7:45 a. m. at Fifth and Peabody Streets, N. W., an automobile operated by Milton Lee Black, leaving a stop sign and driving west on Peabody Street, collided with an automobile operated by Duane Willis Clark, driving south on Fifth Street, spinning the Clark vehicle around so that it struck an automobile operated by James R. Hill, Jr., driving north on Fifth Street. Interstate Insurance Company, subrogee of Hill, sued Clark and Black for the amount of Hill's property damage it had paid. Clark cross-claimed against Black for personal injuries and the deductible portion of his property damage, and Government Employees Insurance Company, subrogee of Clark, intervened with a claim against Black for the remaining portion of Clark's property damage. Black cross-claimed against Clark for contribution or indemnity. The trial court awarded Interstate its claimed damages, ruling that from the evidence, testimony, physical facts, and the inferences to be reasonably drawn therefrom, both Clark and Black were negligent, that their negligence proximately caused both impacts, and that there was no negligence on the part of Hill. Clark and Government Employees Insurance Company appeal on the ground that the court erred when it found Clark negligent, or in the alternative that even if there was an evidentiary basis for such finding, there was none for holding that this negligence was a proximate cause of either impact.

Appellants contend that the conflicting evidence of the speed of Clark's vehicle was the only basis upon which he could have been found negligent. They surmise from this that the trial judge first found Clark was exceeding the speed limit, then erroneously concluded that this was negligence per se and a proximate cause of the collisions. Appellees argue that to the contrary there was ample evidence, including but not limited to speed, to support the findings of negligence and of proximate cause.

The testimony of the three drivers covered in some detail the elements of speed, distances, points of impact, skid marks, and other observations common to this type of accident. The investigating officer described the physical evidence found at the scene and related the information about the accident given him by the respective drivers. In short, there was conflicting testimony on the issues of negligence and proximate cause which was sufficient to present factual rather than legal questions for determination by the trier of fact. As we have said:[1]

Automobile collisions at street intersections nearly always present questions of fact. The credibility of witnesses must

1. McDaniel v. Cusimano, D.C.Mun.App., 148 A.2d 303, 305 (1959); Shu v. Basinger, D.C.Mun.App., 57 A.2d 295, 295–296 (1948).

be passed on, conflicting testimony must be weighed, and inferences must be drawn. [From this conflict and uncertainty the trier of facts, whether judge or jury, must determine the ultimate facts of the case.] Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal.

Appellants' reliance upon District of Columbia v. Grantham, D.C.App., 233 A.2d 504 (1967), is misplaced. It was there decided that under the Traffic and Motor Vehicle Regulations then in effect[2] there was no such offense as exceeding the speed limit, the only offense being that of driving at a speed greater than is reasonable and prudent. But there is no reason to believe that in this case the court applied any other standard than that of unreasonable speed or considered the element of speed as anything other than evidence of negligence. And while it is true, as appellants point out, that the violation of a traffic regulation is of no consequence if it is not a proximate cause of an accident, Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854 (1943), this again is a question of fact for the trial court.

Finally, we cannot agree that the court's ruling was based solely on the finding of excessive or unreasonable speed for while Black was coming off a stop sign and Clark was the favored driver, the record reveals other evidence on the issues of right of way[3] and inattentive driving which supports the findings of negligence and proximate cause.

We find no error and the judgment of the trial court is

Affirmed.

---

2. D.C.Traffic and Motor Vehicle Regulations, Part I, §§ 22(a) (b) (1949).

3. See D.C. Transit System, Inc. v. Warner Corp., D.C.App., 219 A.2d 566 (1966); Carter v. Singleton, D.C.App., 219 A.2d 114 (1966).