**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**The WARNER CORP., Appellee.**

No. 3873.

District of Columbia Court of Appeals.

Argued April 18, 1966.

Decided May 12, 1966.

David L. Hilton, Washington, D. C., for appellant.

Peter J. Dooley, Jr., Washington, D. C., for appellee. Daniel I. Sherry, Washington, D. C., also entered an appearance for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

The owner of a truck sued the transit company for damages sustained in an intersection collision with a bus. The trial court found for plaintiff, and defendant has appealed.

The driver of plaintiff's truck was approaching an intersection controlled by a **stop sign, and said that** after looking in both directions he saw nothing and started to move ahead; that when he reached the center of the intersection he saw the bus approaching him, seventy-five feet away; that the front of the bus struck the truck's right side; that there was "lots of snow on the ground" and that although the bus was a long distance off he could not avoid it by accelerating the truck.

The bus driver testified that he first saw the truck when the two vehicles simultaneously entered the intersection, and that the brakes effectively stopped the bus, with little skidding. A passenger on the bus said that the brakes of the bus were applied substantially back from the intersection and that the bus kept on sliding, striking the truck when it was halfway through the intersection, and knocking it into the far side of the intersection.

The trial court found that the truck driver stopped at the stop sign and looked, and that the bus was not in sight; that the truck was in the intersection "substantially first," and that the front of the bus struck the right side of the truck.

These findings were supported by the evidence. The trial court was justified

in finding that despite the stop sign the bus operator did not have an absolute right of way and that he was negligent. Raaen v. Southern Hotel Supply Co., D.C.Mun. App., 31 A.2d 659 (1942). Nor did the evidence require a finding as a matter of law that plaintiff's driver was contributorily negligent. Both issues presented questions of fact on conflicting evidence. Phillips v. D. C. Transit System, Inc., D. C.App., 198 A.2d 740 (1964); Shu v. Basinger, D.C.Mun.App., 57 A.2d 295 (1948).

Affirmed.