**Virginia L. MUSI and Genaro Musi**

**v.**

**Joseph DeSARRO and Jack Boyd.**

**Joseph DeSarro, Appellant.**

**No. 15925.**

United States Court of Appeals Third Circuit.

Argued Nov. 4, 1966.

Decided Dec. 19, 1966.

George M. Weis, Pittsburgh, Pa. (Weis & Weis, Pittsburgh, Pa., on the brief), for appellant.

Herman C. Kimpel, Pittsburgh, Pa., (Dickie, McCamey & Chilcote, Pittsburgh, Pa., on the brief), for appellees.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The sole question in this Pennsylvania diversity action is whether Boyd, the driver of appellant's tractor trailer, was guilty of contributory negligence as a matter of law.

The wife appellee and her husband brought suit for personal injuries and property damage against appellant and Boyd, his driver. Appellant asserted a counterclaim against appellees for damage to his tractor trailer and cargo. A jury trial resulted in a verdict against appellees on their claim and in favor of appellant on his counterclaim. The district court subsequently entered judgment N.O.V. for the appellees on the counterclaim and this appeal followed.

The accident occurred at 2:30 A.M. at a right angle intersection in Sewickley, Pennsylvania. The negligence of the wife, who was the driver of appellees' passenger car, is conceded, as indeed it had to be. She had driven across the intersection in the face of a flashing red signal, without stopping. Boyd, who was on his way to Pittsburgh to deliver a cargo of cattle, testified that as he approached the intersection he noticed that the traffic signal facing him was flashing "caution or amber". Nevertheless, he went into the intersection and did not reduce his speed or look to his right or left. He testified that when he first observed appellees' car, he saw it out of the corner of his eye. It was then too late for him to apply his brakes to avoid the collision, because the car was only fifteen feet away from him.

These facts make it clear that appellant's driver was guilty of contributory negligence as a matter of law and that the court below therefore properly entered judgment N.O.V. against appellant on his counterclaim. The Pennsylvania Supreme Court has laid down time and again the rule that an operator of a motor vehicle who does not look for moving traffic on an intersecting street as he approaches the intersection is guilty of negligence as a matter of law, even though he proceeds with the traffic light in his favor. See Moore v. Smith, 343 F. 2d 206 (3 Cir. 1965), collecting the Pennsylvania cases. It has therefore consistently held that contributory negligence is established as a matter of law if the evidence demonstrates that a party entered an intersection without looking to the side; this duty continues, albeit to a lesser degree, even if he has a green or flashing yellow light in his favor. Smith v. United News Co., 413 Pa. 243, 196 A.2d 302 (1964), green light; Lewis v. Quinn, 376 Pa. 109, 101 A.2d 382 (1954), green light; Allega v. Eastern Motor Express Co., Inc., 378 Pa. 1, 105 A.2d 360 (1954), flashing yellow light.

Since there was no conflict in the testimony of appellant's driver that he did not look to his right before entering the intersection, and therefore did not observe the appellees' automobile, which was coming toward him, his contributory negligence was established as a matter of law. This bars appellant's counterclaim, for Pennsylvania maintains in its full rigor the rule that one cannot recover damage "if his negligence contributed in any degree, however slight, to the injury." Crane v. Neal, 389 Pa. 329, 333, 132 A.2d 675, 677 (1957). We have recognized this principle in two recent cases. Wilson v. American Chain & Cable Co. Inc., 364 F.2d 558, 562 (3 Cir. 1966); Rodriguez v. Brunswick Corp., 364 F.2d 282, 285 (3 Cir. 1966).

The judgment of the district court will be affirmed.