D. C. TRANSIT SYSTEM, INC., a corporation, Appellant,

v.

Charles HARRIS, Appellee.

No. 5717.

District of Columbia Court of Appeals.

Argued Sept. 21, 1971.

Decided Dec. 13, 1971.

David L. Hilton, for appellant.

Orie Seltzer, Washington, D. C., for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This appeal comes from a judgment after a jury verdict finding the appellant (D.C. Transit) negligent in a collision between a vehicle owned and operated by appellee (Harris) and a bus owned by D.C. Transit. D.C. Transit, plaintiff below, argues principally that the trial court erred in denying its motion for a directed verdict on a counterclaim against it brought by Harris, defendant below, as Harris was guilty of contributory negligence as a matter of law.[1] We agree and reverse.

On October 3, 1966 at 5:50 p. m., a collision occurred between a vehicle owned and operated by Harris, and a bus owned by appellant. The accident took place at the intersection of Georgia Avenue and Allison Street, N.W., on a day when the weather was clear and the streets were dry. There was a stop sign on Allison Street while no signal controlled traffic on Georgia Avenue. So, Georgia Avenue traffic had the right-of-way at the intersection.

D.C. Transit's bus was traveling west on Allison Street and Harris was going south on Georgia Avenue. The collision occurred after the bus had crossed the three northbound lanes of Georgia Avenue and was entering the first southbound lane. D.C. Transit filed suit for damage to the bus. Harris counterclaimed for property damage and personal injuries.

In a deposition introduced into evidence, the bus operator stated he stopped at the intersection and looked north and south before entering the intersection. He further stated he never saw Harris' automobile before the accident. A witness Clarence Thomas, called by D.C. Transit testified that at the time of the accident Harris was traveling between 20 and 30 miles per hour. He also stated the bus stopped before entering the intersection and it was possible to see for several blocks along Georgia Avenue north of the intersection.

Harris testified that as he was proceeding south on Georgia Avenue he observed the intersection from a block away and it was then clear. When he was approximately half a block from the intersection a car double-parked in the lane next to him "seemed to move" and he proceeded "watching this car and the intersection" and "[a]s I was watching the intersection the next thing I know out of nowhere was the bus." When asked when he first saw the bus, Harris stated he did not see the bus before the collision and said further, "I was having a collision with the bus at the moment I first saw the bus."

The trial court ruled that D.C. Transit was guilty of negligence as a matter of law and, consequently, was guilty of contributory negligence in its claim against Harris. This ruling is not before us. It further ruled, however, that the issue of contributory negligence by Harris on his counterclaim against D.C. Transit was a question of fact for the jury. The jury returned a verdict for Harris in the amount of $10,574.01. D.C. Transit appeals contending that Harris was guilty of contributory negligence as a matter of law.

█ It is uncontroverted that Harris had the right-of-way at the intersection of Allison Street and Georgia Avenue. Nevertheless, it is the law that the favored driver, that is, the person having the right-of-way, is not relieved of the obligation of "exercising reasonable care in entering an intersection." McKnight v. Bradshaw, D.C.Mun.App., 90 A.2d 825, 827 (1952), citing Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854 (1943). See also D.C. Transit System, Inc. v. Warner Corp., D.C.App., 219 A.2d 566, 567 (1966).

█ The exercise of reasonable care in entering an intersection obliges drivers, both favored and unfavored, to maintain a proper lookout and to see what is there to be seen. See Custom Taxicabs v. Hatch,

---

1. Appellant makes several other arguments, but as we find this contention dispositive of the case, no discussion of the other points is required.

D.C.Mun.App., 110 A.2d 690, 692 (1955); Annot., 3 A.L.R.3d 180 (1965). In 3 Blashfield, Automobile Law and Practice § 114.-84 (3d ed. 1965), it is stated:

> The fact that the operator of a motor vehicle has the right of way does not relieve him from the necessity of looking for the approach of cars on an intersecting street. So, a motorist traveling on an arterial highway or through street has the duty to keep a proper lookout for vehicles approaching on cross streets . . . . He must look and see what is visible before attempting to cross [an intersection] . . . (Footnotes omitted.)

▇ In a case quite similar to this one the Virginia Supreme Court of Appeals stated that

> [t]he mere fact that one vehicle has the right of way over another at a street intersection does not relieve the driver thus favored from the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision.

Sayre v. Shields, 209 Va. 409, 410–411, 164 S.E.2d 665, 667 (1968) (footnote and citations omitted). Courts across the country have recognized the favored driver's obligation to maintain a proper lookout. *E. g.,* Musi v. DeSarro, 370 F.2d 113 (3d Cir. 1966); Allen v. Bi-State Development Agency, 452 S.W.2d 288 (Mo.Ct.App. 1970); Callen v. Knopp, 180 Neb. 421, 143 N.W.2d 266 (1966); Kelmis v. Cardinal Petroleum Co., 156 N.W.2d 710 (N.D.1968). Thus, if a favored driver fails to maintain a proper lookout while approaching and entering the intersection, he is not exercising proper care and is guilty of contributory negligence if such failure is a substantial factor in the causation of the accident.

▇ The existence of negligence and contributory negligence are normally questions of fact for the jury, and it is only where the facts are undisputed and, considering every legitimate inference, only one conclusion may be drawn that a trial court may find negligence or contributory negligence as a matter of law. Carter v. Singleton, D.C.App., 219 A.2d 114, 115 (1966); Brown v. Clancy, D.C.Mun.App., 43 A.2d 296, 297 (1945). In this case we believe the facts are such that just one inference may be drawn.

▇ It is uncontradicted that the weather was clear and that vision was unimpaired for the entire block north of the intersection where the collision occurred. Most importantly, Harris stated that he did not see the bus until the moment of impact. No reasonable explanation for his failure to observe the bus in time to stop or attempt an evasive action was offered. Obviously, he would have seen the bus before he did, almost at the moment of collision, if he had been observing the intersection as he was legally obliged to do. In his one reference to a reason for removing his eyes from the intersection—the movement of a double-parked car—Harris stated that the incident took place a half block from the intersection and that he still maintained a view of the intersection.

We think the only conclusion which reasonably may be drawn from the testimony of the appellee himself is that he did not maintain a proper lookout at the intersection and failed to exercise reasonable care in entering it, thereby contributing to the cause of the accident. Consequently, he was guilty of contributory negligence as a matter of law and it was error to deny D.C. Transit's motion for a directed verdict on the counterclaim brought against it .by appellee Harris.

Reversed.