Kershaw FRAGER and Joyce Frager,
Appellants,

v.

Rebecca K. PECOT, Appellee.

No. 7095.

District of Columbia Court of Appeals.

Argued Jan. 24, 1974.

Decided Oct. 29, 1974.

Malcolm W. Houston, Washington, D.C., for appellants.

Gary W. Brown, Washington, D.C., with whom James C. Gregg and Hugh Lynch, Jr., Washington, D.C., were on the brief, for appellee.

Before KELLY, KREN and PAIR,* Associate Judges.

PER CURIAM:

This cause concerning liability for damages sustained in an automobile collision came before the trial court upon cross-motions for summary judgment with the same statement of material facts as to which no genuine issue existed being a part of both motions. After a hearing plaintiff's (appellant's) [1] motion was denied and that of defendant (appellee) granted on the ground that the plaintiff was contributorily negligent as a matter of law. We affirm.

Immediately before the accident in question the plaintiff was stopped at a red light in the eastbound middle lane of M Street, at its intersection with 4th Street, S.W., and the defendant was stopped at the same red light in the inside westbound lane of M Street, S.W.[2] When the light turned green the defendant proceeded to make a left turn onto 4th Street but before clearing the intersection her car was struck on

* Retired as of April 14, 1974.

1. We refer to appellant Kershaw Frager as the plaintiff since Joyce Frager sued only for loss of consortium.

2. M Street, S. W., is a six-lane divided highway and 4th Street ends at that intersection.

the right rear by the automobile driven by the plaintiff. The impact occurred in the eastbound middle lane of the street about midway in the intersection. Defendant's automobile was spun around about 180° from the force of the impact and plaintiff's car continued its eastward progress on M Street until it struck a lamppost. Plaintiff testified on deposition that he never saw defendant's automobile at any time before the collision.

The grant of the defendant's motion for summary judgment was based upon the legal conclusion that plaintiff was contributorily negligent in failing to see the defendant's car at any time prior to impact, which conclusion naturally presupposed an initial finding of negligence on the part of the defendant.

■■■ This court has said more than once that the failure to look effectively when driving an automobile and to observe another vehicle upon the highway which constitutes a hazard and is clearly there to be seen is negligence as a matter of law. D.C. Transit System, Inc. v. Harris, D.C.App., 284 A.2d 277 (1971); Mitchell v. Allied Cab Co., D.C.Mun.App., 133 A.2d 477 (1957); Brown v. Clancy, D.C. Mun.App., 43 A.2d 296 (1945). When in such circumstances an accident occurs, the issue of contributory negligence, ordinarily a question of fact for the jury, becomes one of law for the court. Mitchell v. Allied Cab Co., *supra*. We think the trial court correctly applied this legal principle in a case where the plaintiff was deposed and testified that on the night in question he stopped at the red light at 4th and M Streets, S.W.; that no one was in front of him, and that when the light turned green, although he could see traffic lights further ahead on his side of M Street, he never saw the defendant's car before impact.

Appellant points out that in all decisions in this jurisdiction with the exception of

D.C. Transit System, Inc. v. Harris, *supra*, the so-called "failure to see" doctrine has been uniformly applied against the unfavored driver on the highway, who has a duty to look for and yield the right of way to any favored driver constituting an immediate hazard.[3] He argues that since he was the favored driver at the intersection in question he was entitled to assume that appellee, the unfavored driver, would obey the law and yield him the right of way. We said in *Harris*, however, that:

> The fact that the operator of a motor vehicle has the right of way does not relieve him from the necessity of looking for the approach of cars on an intersecting street. So, a motorist traveling on an arterial highway or through street has the duty to keep a proper lookout for vehicles approaching on cross streets . . . . He must look and see what is visible before attempting to cross [an intersection] . . .. [Quoting from 3 Blashfield, Automobile Law and Practice § 114.84 (3d ed. 1965).]

> \* \* \* \* \* \*

> . . . Thus, if a favored driver fails to maintain a proper lookout while approaching and entering the intersection, he is not exercising proper care and is guilty of contributory negligence if such failure is a substantial factor in the causation of the accident. [*Id.* 284 A.2d at 279.]

In our judgment the *Harris* rationale applies here irrespective of the fact that the plaintiff and defendant were originally facing one another at a traffic signal rather than approaching the intersection on cross streets. Accordingly, we hold the trial court did not err in finding, on undisputed facts, that the plaintiff was negligent as a matter of law and that his negligence was a contributing cause to the accident which is the subject of this suit.

Affirmed.

---

3. Plaintiff's motion for summary judgment was based on the theory that as a matter of law he (the favored driver) had the right of way to which defendant (the unfavored driver) failed to yield. *See* Rogers v. Cox, D.C.Mun.App., 75 A.2d 776 (1950).