Massie **T. WASHINGTON**, Appellant,

v.

**CAPITAL CAB COOPERATIVE ASSOCIATION, INC.**

and

**William Jerome Russell**, Appellees.

No. 9226.

District of Columbia Court of Appeals.

Argued Nov. 20, 1975.

Decided Sept. 3, 1976.

P. David Gavin, Washington, D.C., with whom Floyd W. Anderson, Washington, D.C., was on the brief, for appellant.

James L. Stafford, Washington, D.C., for appellees.

Before REILLY, Chief Judge, and GALLAGHER and HARRIS, Associate Judges.*

GALLAGHER, Associate Judge:

This is an appeal from the entry of judgment for the defendant, Capitol Cab Cooperative Association, Inc., at the close of the plaintiff's (appellant) case in this automobile negligence case tried before a jury.

The plaintiff testified he was driving east on M Street, Southwest, at 8 a.m. Traffic was "pretty heavy". There was a bus slightly in front of him in the lane next to him as he approached the intersection at Delaware Avenue where he collided with the rear side of a taxicab driven by Russell and owned by the Capitol Cab Cooperative Association, Inc. Plaintiff saw the taxicab a second or two before impact. There was no light at the intersection.

Plaintiff testified that *as he crossed the intersection he was to the left of and behind the bus.*

The trial court directed a verdict at the close of plaintiff's case and entered judgment for the defendant. This ruling was based upon the finding that the plaintiff was guilty of contributory negligence as a matter of law under our decision in *Frager v. Pecot*, D.C.App., 327 A.2d 306 (1974), and cases there cited. We reverse.

The doctrine set forth in *Frager v. Pecot, supra,* governs in the unusual case where it is beyond serious dispute that the plaintiff was not observing as he drove and, because of this, in entering an intersection failed to see what was clearly there to be seen; and this was a substantial factor in the causation of the accident. *D.C. Transit System, Inc. v. Harris,* D.C. App., 284 A.2d 277, 279 (1971).

---

* NEBEKER, J., was a member of the division of the court at the time of oral argument, but later recused himself from further participation in the case. HARRIS, J., participated in the decision through access to the record, the briefs and the tape recording of the oral argument, with the consent of the parties.

The facts in this case do not fit that doctrine. Here, there was testimony that there was a bus on the plaintiff's right and in front of him as he entered the intersection, and this could have obscured the presence of defendant's car. This fact alone takes this case out of *Frager* and *Harris, supra.* There were not the unusual circumstances presented in those cases. It was not indisputable here that plaintiff failed to observe and see what was clearly in his reasonable scope of vision as he approached the intersection. Consequently, *Frager* and *Harris, supra,* do not control and it was error to enter judgment for the defendant at the close of plaintiff's case.

*Reversed and remanded for a new trial.*[1]

HARRIS, Associate Judge (concurring):

It often is said that beauty is in the eye of the beholder. Here, not only is there an absence of beauty; there is a woeful dearth of beholders. Since I fear that my Brothers' rather abbreviated treatment of the case will leave the reader unclear as to the reasons for my concurring vote, I express these few views.

While this case deals with a two-car collision, three vehicles were integral parts of the incident. The plaintiff-appellant and a bus were on parallel courses, heading east on M Street. A Capitol Cab Cooperative Association taxi, driven by defendant Russell, sought to cross M Street, and entered it from Delaware Avenue on the right. The bus driver undoubtedly could have contributed to a recognition of the facts, but apparently he never was identified.

The cab driver unquestionably could have given meaningful testimony, but he thrice refused even to appear for a deposition, and a default was entered against him. The sole witness on the question of liability was the plaintiff, who testified that he did not see the cab at all until an instant before he struck it.

As my Brother Gallagher interprets the meager record, the bus was "slightly in front of [the plaintiff] in the lane next to him [on his right]". As my Brother Reilly evaluates it, the plaintiff in effect was allowing the bus "to run interference for him", and properly was found guilty of contributory negligence as a matter of law.

The plaintiff testified with a notable lack of precision. He stated that there was a bus to his right, "slightly in front of me." He also characterized the bus' location as "about a half a car length beside of us." To me, the most likely manner in which the accident occurred was as follows: Defendant Russell, intending to cross M Street on Delaware Avenue, readily could see the bus, but the bus was screening the plaintiff's car from his view. Russell correctly concluded that he could pass in front of the bus without incident, but he thereby placed his cab in the path of—and unavoidably was struck by—the plaintiff's car. Assuming this to have been what happened (and I believe the jury could have so concluded), I agree that the trial court erred in directing a verdict on behalf of the defendant cab company.[1] Accordingly, I concur in the remand for a new trial.[2]

---

1. Because of our disposition of this case, we assume that upon remand the default judgment properly entered under the authority of Rule 37(d) of the Rules of the Superior Court against the other defendant, Mr. Russell, will be reinstated. There is not present here the controlling factual situation which existed in *D.C. Transit System, Inc. v. Young,* D.C.App., 293 A.2d 488 (1972).

1. The trial court should have made a definitive disposition of the claim against defendant Russell, the driver of the cab against whom a default previously had been entered pursuant to Super.Ct.Civ.R. 37. Instead, the trial court ordered that the case against Russell merely be returned to the files, to await some uncertain future disposition. While the trial court was correct in recognizing that the default against Russell could not mature into an effective monetary judgment absent a prima facie showing of negligence, the returning of the jacket to the files was an unsatisfactory response.

2. I see no need for a reinstatement of the default against defendant Russell, for I do

The record makes it abundantly clear that the case readily could have been settled, both before trial and at the conclusion of the presentation of evidence, and the trial court endeavored to achieve such a result. If settlement remains elusive on remand and a new trial takes place, I would hope that plaintiff's counsel could prove more successful either in compelling testimony by defendant Russell, or in identifying and obtaining testimony from the driver of the bus, or both.[3] Hopefully, we shall not be forced again to resolve an appeal on the basis of such an unsatisfactory record.

REILLY, Chief Judge (dissenting):

In my opinion, the trial court's directed verdict for the defendant was clearly called for under our decision in *Frager v. Pecot*, D.C.App., 327 A.2d 306 (1974). The grounds upon which the majority have distinguished this precedent means—in the apt phrase of the late Thomas Reed Powell —that the *Frager* case is no longer distinguished.

In *Frager* and in *D.C. Transit System, Inc. v. Harris*, D.C.App., 284 A.2d 277 (1971), we held that any plaintiff who drove blindly through an intersection and collided with another car was barred from recovery by the doctrine of contributory negligence, irrespective of which vehicle had the right of way.[1] But under the rule announced today, a driver plunging into an intersection without first ascertaining whether there are any crossing vehicles in his path is blameless if he allows a bus to run interference for him. I respectfully dissent.

not consider it to have been set aside. Its vitality, however, remains limited.

3. It is questionable whether the plaintiff himself could contribute more to and understanding of the facts, but perhaps he could.

I. Implicit in the majority opinion is the premise that defendant's cab improperly entered the intersection. The only basis for this assumption is that the cab driver disregarded a stop sign. But aside from plaintiff's counsel's oral allusion to a stop sign to the trial Judge, there is nothing in the record to show that there were stop signs at any of the intersecting streets.