**Vernice TILGHMAN, Appellant,**

v.

**Mary T. JOHNSON, Appellee.**

**No. 84–1758.**

District of Columbia Court of Appeals.

Argued May 29, 1986.

Decided Sept. 2, 1986.

Thomas A. Gentile, with whom Harry W. Goldberg, Chevy Chase, Md., was on brief, for appellant.

Elizabeth J. Haegelin, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, TERRY, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM.

This appeal comes from a directed verdict for defendant at the end of plaintiff's case in a suit for damages arising from an automobile collision. Appellant argues that the grant of the motion was improper because appellant was not, as the court held, contributorily negligent as a matter of law. We agree and reverse.

There was testimony submitted in the plaintiff's case that on April 18, 1982, at 9:15 a.m., appellant, Vernice Tilghman, was driving her car northbound on 13th Street, N.E. when, after proceeding at twenty miles per hour in her lane through a green light, she struck the right rear of appellee Mary Johnson's car in the intersection of 13th Street and South Dakota Avenue.[1] There was also testimony that defendant Johnson had been speeding while eastbound on South Dakota Avenue and had entered the intersection on a red light.

---

1. South Dakota Avenue becomes Sargent Road at the intersection.

Four witnesses testified on appellant's behalf. Testimony focused to some extent on the degree of visibility down South Dakota Avenue. Appellant testified that she entered the intersection, looked both ways, but did not see a car until it was directly in front of her. Appellant's daughter, a back seat passenger in the car, and Lucille Crawford, a front seat passenger, later testified that they did not see the car until it was before them because "it came from out of nowhere." Crawford said that visibility was "a quarter of a block" but did not specify the vantage point. Appellant's daughter asserted that only after coming over an incline and entering the intersection can one see down South Dakota Avenue.

Finally, the driver of a car directly behind appellant also testified on appellant's behalf. The driver's testimony conflicted with that of the others in that he said that Tilghman had been stopped at a red light before proceeding through a green light. The driver testified that he saw Johnson's car coming at "an enormous speed" five to fifteen feet before colliding with appellant's car.

After appellant's case had been presented, appellee moved for a directed verdict. In granting the motion, the trial court reasoned:

> The Court is fully aware of the standard instruction 7.3 which reads and follows as part, the act of one who has a duty to look testifies that she did look, did not see that which was plainly there to be seen is of no legal significance. The requirement imposed by law is to look effectively. One who looked and did ... not see that which is plainly there to be seen is as negligent as one who does not look at all.
>
> Assuming for the purpose of this motion negligence of the defendant Mrs. Johnson, the Court finds that under the statement of law that I've just stated, that Mrs. Tilghman, although she may have looked did not look effectively, for obviously the car of Mrs. Johnson was approaching and indeed may be in the intersection.
>
> It is without question the fact is that the car was there and Mrs. Tilghman should have seen it if she had looked effectively. And for these reasons the Court is going to grant the motion.

We find that the trial court's grant of the motion for a directed verdict under the facts of this case was inappropriate. This court has ruled consistently that intersection collisions nearly always present questions of fact concerning negligence and contributory negligence. *Arlington Yellow Cab Co. v. Sutter*, 354 A.2d 241, 243 (D.C.1976). Only in the exceptional case is evidence so clear and unambiguous that contributory negligence should be found as a matter of law. *Elam v. Ethical Prescription Pharmacy, Inc.*, 422 A.2d 1288, 1290 (D.C.1980); *Spain v. McNeal*, 337 A.2d 507, 520 (D.C.1975). With the significant factual uncertainties present here, this case should not be deemed the exception. We conclude that on this record, this case more nearly approaches *Elam, supra,* than the exceptional circumstances of *D.C. Transit System, Inc. v. Harris*, 284 A.2d 277 (D.C.1971), and *Frager v. Pecot*, 327 A.2d 306 (D.C.1974). Because of the confusing factual situation in relation to the accident, the facts presented do not meet the extraordinary and uncontroverted factual situations of *D.C. Transit* and *Frager, supra.*

Accordingly, we reverse the grant of the directed verdict and remand for further proceedings.

*So ordered.*