**Minda MASSENGALE and Jack Massengale, Appellants,**

v.

**Marteal PITTS, Appellee.**

**No. 97–CV–1169.**

District of Columbia Court of Appeals.

Submitted Oct. 6, 1998.

Decided Sept. 16, 1999.

*Refrigeration Co. v. Edwards,* 356 A.2d 331, 333 (D.C.1976).

Minda Massengale and Jack Massengale, pro se.

Thomas C. Mugavero, Chevy Chase, MD, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

RUIZ, Associate Judge:

Appellant Minda Massengale, and appellee, Marteal Pitts, were involved in an automobile accident at the intersection of 13th Street and Michigan Avenue, N.E. Minda Massengale sued Pitts for damages resulting from the collision, and her husband, Jack Massengale, sued for loss of consortium. Following a bench trial, the

court found that Pitts had been negligent and Massengale contributorily negligent at the time the accident occurred. Judgment was entered for Pitts and against the Massengales on both Minda Massengale's negligence claim and her husband's loss of consortium claim. On appeal, the Massengales contend that the trial court erred in finding Minda Massengale contributorily negligent and in dismissing Jack Massengale's claim for loss of consortium. We affirm the trial court's finding of contributory negligence, which defeats Minda Massengale's negligence claim, but reverse and remand for a hearing on the loss of consortium claim.

On the day of the accident, Minda Massengale was driving eastbound in the center lane of Michigan Avenue. Although her driver's license had a restriction for "corrective glasses," Minda Massengale was not wearing glasses while she drove. In addition, she was praying while she was driving. As she approached the Thirteenth Street intersection, the light turned green and she continued into the intersection. While traveling through the intersection, she collided with Pitts who was driving westbound on Michigan Avenue and turning left onto Thirteenth Street. Before the collision, Pitts saw Minda Massengale heading eastbound on Michigan Avenue, about four or five car lengths from the intersection. Immediately after the collision, a cab traveling to the right of Minda Massengale and at the same speed stopped, put the cab into reverse, and maneuvered around Massengale's and Pitts' vehicles to continue eastward on Michigan Avenue.

### 1. *Contributory negligence.*

■ To assert the defense of contributory negligence, a party must "establish, by a preponderance of the evidence, that the plaintiff failed to exercise reasonable care," *Poyner v. Loftus,* 694 A.2d 69, 71 (D.C.1997) (citation omitted), and that this failure was a substantial factor in causing the alleged damage or injury. *See Durphy*

*v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.,* 698 A.2d 459, 465 (D.C.1997); *see also Sinai v. Polinger Co.,* 498 A.2d 520, 528 (D.C.1985) (defining proximate cause as "an act that play[s] a substantial part in bringing about the injury or the damage") (internal quotation omitted). A presumption of negligence arises from the violation of a traffic regulation which may be rebutted only by a showing that the individual "did all a reasonable person who wished to comply with the law would do." *Washington Metro. Area Transit Auth. v. Davis,* 606 A.2d 165, 173 (D.C.1992) (citations omitted). A favored driver who does not "maintain a proper lookout while approaching and entering [an] intersection" is "guilty of contributory negligence if such failure is a substantial factor in the causation of the accident." *Frager v. Pecot,* 327 A.2d 306, 307 (D.C.1974) (quoting *D.C. Transit Sys., Inc. v. Harris,* 284 A.2d 277, 279 (D.C. 1971)) (finding contributory negligence as a matter of law when the driver's vision was unimpaired for an entire block and he failed to see the other vehicle).

■ It is undisputed that Minda Massengale was not wearing her glasses at the time the collision occurred despite a driver's license restriction which required the use of corrective lenses. Therefore, she was in violation of District of Columbia motor vehicle regulations at the time of the collision. *See* 18 DCMR § 1100.9 ("No person whose license … is subject to any restriction … shall operate a motor vehicle in the District unless he or she … compl[ies] in every respect with the restriction."). This violation raises a presumption of negligence which is rebuttable only if Massengale can show that she "did all a reasonable person who wished to comply with the law would do." *Davis, supra,* 606 A.2d at 173.

The trial court found that although she was negligent, because the District is a pure contributory negligence jurisdiction, Pitts was not liable as Minda Massengale also did not exercise ordinary care in

avoiding the accident. *See Elam v. Ethical Prescription Pharmacy, Inc.*, 422 A.2d 1288, 1289 n. 2 (D.C.1980) ("In this jurisdiction, the contributory negligence of the plaintiff is a complete bar to recovery.") In making this finding, the court credited appellee's testimony that she was able to see Massengale's vehicle four or five car lengths before it reached the Thirteenth Avenue intersection, suggesting that Pitts' vehicle also was visible to Minda Massengale from the eastbound direction of Michigan Avenue. In addition, Minda Massengale stated that she saw Pitts as she approached the intersection, but was surprised by the sudden impact. The evidence also indicates that Minda Massengale's vehicle was moving quickly, and that she was praying while driving. At the time of the collision, a cab traveling in the right lane next to Minda Massengale was able to stop, reverse, and bypass the accident to continue eastward on Michigan Avenue, which suggests that, with due care, Minda Massengale similarly could have avoided a collision with Pitts. From this evidence, as well as the fact that appellant was not wearing the required glasses, the trial court could reasonably find that Minda Massengale's failure to maintain a proper lookout and take action to avoid Pitts' car was a substantial factor in causing the collision.

■ We defer to the trial court's findings of fact unless such findings are "clearly erroneous and unsupported by the evidence." *Roberts & Lloyd, Inc. v. Zyblut,* 691 A.2d 635, 640 (D.C.1997); *see also* Super. Ct. Civ. R. 52 (1999). In this case, there is sufficient evidence from which the fact-finder could find contributory negligence. As plaintiff's contributory negligence is a complete bar to recovery, *see Elam, supra,* 422 A.2d at 1289 n. 2, we

conclude that the trial court did not err in denying Minda Massengale's damages claim.[1]

## 2. *Loss of consortium.*

■ Appellant Jack Massengale claims that the trial court erred in not awarding him damages for loss of consortium, after finding appellee negligent, once his wife's negligence claim was barred by her contributory negligence. We agree that one spouse's contributory negligence does not bar the other spouse's claim for loss of consortium resulting from the defendant's negligence. A loss of consortium claim stands "separate and independent" from a negligence claim and a "judgment against [a spouse claiming negligence] is not a bar to an action by [the spouse claiming loss of consortium]." *Lansburgh & Bro., Inc. v. Clark,* 75 U.S.App. D.C. 339, 341, 127 F.2d 331, 333 (1942); *see also Stutsman v. Kaiser Found. Health Plan of the Mid–Atlantic States, Inc.,* 546 A.2d 367, 373 (D.C. 1988) (recognizing that the "tort of loss of consortium is a distinct cause of action for injury to the marriage itself involving the prosecution of separate and independent rights"); *Hitaffer v. Argonne Co., Inc.,* 87 U.S.App. D.C. 57, 66, 183 F.2d 811, 820 (1950) ("[T]he injury to the *consortium* is an injury to a right which is independent of any right in the other spouse and to which the defendant owes an independent duty."), *overruled on other grounds by Smither and Co. v. Coles,* 100 U.S.App. D.C. 68, 74, 242 F.2d 220, 226 (1957) (overruling *Hitaffer* insofar as it applied Section 5 of the Longshoreman's and Harbor Workers' Act). *See generally,* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 125, at 937–39 (5th ed.1984) (reviewing various jurisdictions' reasons for traditionally deeming loss of

---

1. Minda Massengale also contends that appellee's violation of a traffic regulation precludes application of the contributory negligence defense. This contention is without merit. *See Martin v. George Hyman Constr. Co.,* 395 A.2d 63, 69 (D.C.1978) (defense of contributory negligence does not conflict with the purpose of traffic regulations which serve only to "clarify and define the elements of due care") (internal quotations and citation omitted); *see also Davis, supra,* 606 A.2d at 176–77 (recognizing defense of contributory negligence in automobile collision case); *Harris, supra,* 284 A.2d at 279 (same).

consortium claims as derivative of the injured spouse's and noting academic and judicial skepticism of the rule).

 In so holding, we do not lose sight that, on several occasions, we have remarked that a spouse's loss of consortium claim is dependent on or collateral to the other spouse's negligence claim. These cases stand for different propositions than the one presented in this appeal, whether a claim for loss of consortium is precluded by the injured spouse's contributory negligence. It is clear, for example, that a loss of consortium claim depends on whether the underlying claim of negligence against the defendant has been proven. *See Prins–Stairs v. Anden Group,* 655 A.2d 842, 843 (D.C.1995) (holding that jury could reasonably have found that neither plaintiff's chronic back pain nor her husband's loss of consortium were proximately caused by the collision with defendant's employee); *Casper v. Barber & Ross Co.,* 109 U.S.App. D.C. 395, 396 n. 1, 288 F.2d 379, 380 n. 1 (1961) (spouse's damage claim for loss of consortium is dependent on plaintiff establishing that defendant was negligent). In *Romer v. District of Columbia,* 449 A.2d 1097, 1101 (D.C.1982), we held that a loss of consortium claim was not barred, under D.C.Code § 12–309, for lack of jurisdiction where the injured spouse had duly notified the District of the accident, and the purpose of the statutory notice requirement—to permit the District to investigate the accident and alleged resulting injury—had been accomplished, and the loss of consortium claim was based on the same accident and injuries of which the District had been notified. *See id.* at 1102 ("[A] loss of consortium action is a related but separate cause of action.") (Pryor, J., dissenting). In this case, the trial court made a specific finding that Pitts was negligent. Therefore, if the evidence is sufficient to support it, Jack Mas-

sengale's collateral loss of consortium claim stands, notwithstanding the fact that contributory negligence ultimately barred Minda Massengale's recovery on her negligence claim.[2]

Accordingly, the trial court's dismissal of the loss of consortium claim is

*Reversed.*

---

2. Appellee argued to the trial court that the evidence was insufficient to prove that Jack Massengale had suffered a loss of consortium. On appeal, however, she does not argue that

the trial court's dismissal of the loss of consortium claim should be sustained on that basis.