**Thlema G. PARASKEVAIDES, et al Plaintiffs,**

v.

**FOUR SEASONS WASHINGTON Defendant.**

**No. CIV. 98–2802(RCL).**

United States District Court, District of Columbia.

June 19, 2001.

Nicholas H. Cobbs, Washington, DC, for plaintiffs.

Karla Grossenbacher, Seyfarth Shaw, Washington, DC, for defendant.

## Memorandum Opinion

LAMBERTH, District Judge.

Before the Court are cross motions for summary judgment. The plaintiffs move for partial summary judgment, requesting that the Court strike the defendant's affirmative defense under D.C.Code Ann. §§ 34-101, and find the defendant liable for the plaintiffs' damage. If the Court enters judgment in the plaintiffs' favor, the plaintiffs also request a brief trial on the quantum value of the property. The defendant's cross motion for summary judgment requests that the Court find that the defendant's statutory affirmative defense is fatal to the plaintiffs' common law claims. The Court will deny the plaintiffs' partial motion for summary judgment, and grant the defendant's summary judgment motion, finding the defendant not liable for the plaintiffs' property loss.

## Background

### A. Statutory and Common Law Scheme

There are two aspects of law at issue here, one common law, and one statutory. Under the common law doctrine of infra hospitium, an innkeeper is strictly liable for loss or damage to a guest's property. But, in the District of Columbia (hereinafter "DC"), as in many other jurisdictions, this common law doctrine has been limited and qualified by statutory enactment. In DC, the statutory limitation exists in the provision codified at D.C.Code Ann. §§ 34-101. In pertinent part, that statute reads that:

(a) If a hotel, motel, or similar establishment in the District of Columbia which provides lodging to transient guests: (1) provides a suitable depository (other than a checkroom) for the safekeeping of personal property (other than a motor vehicle); and (2) displays conspicuously in the guest and public rooms of that establishment a printed copy of this section (or summary thereof); that establishment shall not be liable for the loss or destruction of, or damage to, any personal property of a guest or patron not deposited for safekeeping, except that this sentence shall not apply with respect to the liability of that establishment for loss or destruction of, or damage to, any personal property retained by a guest in his room if the property is such property as is usual, common, or prudent for a guest to retain in his room. In the case of any personal property of a guest or patron deposited in such a depository for safekeeping, that establishment shall be liable for the loss or destruction of, or damage to, that property to the extent of the lesser of $1,000 or the fair market value of the property at the time of its loss, destruction, or damage.

(b) If a hotel, motel, or similar establishment in the District of Columbia which provides lodging to transient guests maintains a checkroom (conspicuously designated as such) where guests and patrons may deposit personal property, that establishment shall, if it conspicuously posts a printed copy of this section (or summary thereof), be liable for the

loss or destruction of, or damage to, that property only to the extent of the lesser of $200 or the fair market value of the property at the time of its loss, destruction, or damage unless the destruction or damage is caused by its agent or servant.

## B. Facts and Procedural History

The plaintiffs were guests at the defendant's hotel in Washington, DC. Upon arrival the plaintiffs placed and locked valuables in their room safe. The plaintiffs then proceeded to leave the room for the day. Upon their return, the plaintiffs found their room ransacked, their room safe broken into, and their valuables missing. The plaintiffs called hotel security and the DC metropolitan police, both of whom responded immediately. There was no sign of forced entry into the room safe.

The defendant seeks to disclaim liability, invoking D.C.Code Ann. §§ 34–101 as an affirmative defense. The plaintiffs seek to strike that defense, leaving the Court open to rule on the issue of liability, as requested in the plaintiffs' motion.

### Analysis

## A. Jurisdiction and Venue

This Court had jurisdiction pursuant to 28 U.S.C. § 1332, and venue pursuant to 28 U.S.C. § 1391.

## B. Applicable Procedural Law

■ Pursuant to the Federal Rule of Civil Procedure 56(d), a court may enter a summary judgment ruling on the issue of liability alone, even though a genuine issue of material fact exists as to damages. The court may summarily enter an interlocutory judgment on the liability question, where the issue of damages must await trial. In resolving a motion for partial summary adjudication, the court is to apply the same standards and criteria used for evaluating full motions for summary judgment. As such, disposition of a summary judgment motion requires analysis of the following: (a) the substantive law raised by the motion, (b) facts material to the law invoked by the motion, (c) the facts contained in the record, and (d) whether the moving party has shown that there is no genuine dispute of material fact and that they are entitled to summary judgment as a matter of law. If so, the burden shifts to the non-moving party to show that there are specific facts demonstrating that there is a genuine dispute of material fact.

■ In regards to stipulated facts contained in cross motions for summary judgment, as we have in the instant case, the parties' individual stipulations to facts in their motions support the conclusion that no genuine dispute as to material fact exists for a fact-finder to resolve. *Miyazawa v. City of Cincinnati*, 45 F.3d 126, 127 (6th Cir.1995). However, the court must still consider each cross motion on its own merits, viewing all facts and reasonable inferences in the light most favorable to the non-moving party. *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir.1994). In order for either party to survive a motion for summary judgment the party must demonstrate that there is evidence upon which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Because we are dealing with cross motions for summary judgment each party has to be treated, for analytical purposes, as though they are the moving party and must presume the concomitant burdens. *Wiley* at 224. If the summary judgment movant would have the burden at trial then that movant has the burden on summary judgment to prove all of the elements that he would have to prove at trial.

If the summary judgment movant would not have the burden at trial then that party can either defend against the opposition's summary judgment motion by negating a material element by putting on an affirmative defense, or by showing the absence of proof in the record necessary to prove the elements of the movant's case. All reasonable doubt should be construed in favor of the non-moving party because of the repercussions of summary judgment in denying the possibility of trial and fact-finder disposition. *Luden's Inc. v. Local Union No. 6 Bakery, Confectionery and Tobacco Workers' Int'l Union of America,* 28 F.3d 347, 353 (3d. Cir.1994).

In this case, and in regards to the parties' relative positions as summary judgment movants, the plaintiffs would have the burden at trial. As such, in order to prevail on their motion for summary judgment the plaintiffs have to prove that the elements of their claim are satisfied. The defendant has chosen to attempt to negate the elements of the plaintiffs' claim in conjunction with the use of an affirmative defense.

### E. Plaintiffs' Complaint

The plaintiffs' complaint makes the following claims. The defendant's lack of proper screening and monitoring of its employees constitutes gross negligence, which was the proximate cause of the theft of the plaintiffs' property. The defendant warranted safe and secure lodging on which the plaintiffs relied. The defendant knew or should have known the relative value of the property that the plaintiffs would keep in the safe based on the several prior occasions on which the plaintiffs stayed at the defendant's hotel. The defendant was obligated to maintain control over that master key. The defendant knew or should have known that the master key to the safe in the plaintiffs' room was missing,

and should have notified the plaintiffs of that status. The defendant's failure to do either constitutes gross negligence.

### F. Plaintiffs' Summary Judgment Motion and Defendant's Cross Motion

■ In their motion for summary judgment the plaintiffs contend that the defendant cannot avail itself of the affirmative defense included in the statute, namely, that the plaintiffs were put on notice of the defendant's non-liability under §§ 34–101, because the defendants did not strictly follow the statutory procedure so as to trigger the liability bar. Statutory provisions that deviate from established common law are to be strictly construed. *Osbourne v. Capital City Mortgage Corp.,* 727 A.2d 322, 325 (D.C.1999); *Picker v. Searcher's Detective Agency, Inc.,* 515 F.2d 1316, 1319 (D.C.Cir.1975). In this case, § 34–101 deviates from common law, which makes host hotels amendable to suit for property loss, by barring liability of a host hotel if certain conditions are met. The plaintiffs claim that because the defendant failed to conspicuously display a printed copy of the DC law in the private hotel and public rooms sufficient to put the plaintiffs on full notice of the defendant's non-liability, the defendant cannot avail itself of the affirmative defense that it would otherwise have at its disposal. The plaintiffs maintain that the defendant has the burden of proving its compliance with the § 34–101, and that the defendant cannot meet this burden because evidence exists in the record showing the defendant only had a summary of § 34–101 in the back of an unilluminated closet, next to the wall safe located in the room. The plaintiffs maintain that no reasonable person would find this placement to be conspicuous.

■ The plaintiffs further maintain that if the Court finds that the defendant can-

not avail itself of the § 34–101 affirmative defense, then the Court should find that the plaintiffs are entitled to summary judgment on the issue of liability, claiming that the defendant's liability to plaintiffs is actually that of an insurer. Notwithstanding contrary statutory limitations when applicable, the plaintiffs maintain that under the common law doctrine of infra hospitium, the hotel is strictly liable for the theft of personal property held in the care of the hotel. *Blakemore v. Coleman*, 701 F.2d 967 (D.C.Cir.1983). There are several common law exceptions to this doctrine, none of which, the plaintiffs contend, apply in the instant case. Property stolen or destroyed, while in the care of a host hotel, by an act of God, public enemy, or guest negligence relieves the host hotel of the strict liability doctrine that would otherwise bind it. *Skyways Motor Lodge v. General Foods Corp.*, 403 A.2d 722 (Del. 1979). The first two exceptions are not applicable and the plaintiffs disclaim any negligence on their part that would trigger the third.

In sum, the plaintiffs maintain that, because the defendant cannot avail itself of the § 34–101 affirmative defense and the plaintiffs were not negligent, the defendant should be held strictly liable for the fair market value of the stolen items.

In its cross motion for summary judgment, the defendant maintains that it may use the § 34–101 affirmative defense that it has at its disposal because it provided a suitable depository for the plaintiffs' valuables and conspicuously posted notice of its non-liability for theft or loss on the wall next to the safe located in the closet. Furthermore, the defendant maintains that the plaintiffs were well aware of the existence of the suitable depository and the hotel's policies since the plaintiffs had frequented the hotel on several prior occasions. The defendant notes that not only was a summary of § 34–101 posted to put guests on notice, but the hotel also posted a second notice informing guests that the in-room convenience safes (located in the closets) were not a substitute for the safety deposit boxes maintained behind the front desk lobby for storage of valuables. The defendant maintains that the safety deposit boxes behind the front desk are the only "suitable depository" boxes and that notice to that affect was posted in the plaintiffs' room right next to the in-room convenience depository box and notice. The defendant argues that the plaintiffs were well aware of the preferred hotel policy of placing valuables in the safety deposit boxes behind the front desk because the plaintiffs had, in fact, done so in the past. The defendant also maintains that it was not "usual, common or prudent" for the plaintiffs to place $1.2 million dollars worth of jewelry in the in-room convenience safe, and that the plaintiffs admitted that they usually do not travel with property of that value, effectively rebutting the plaintiffs' contention that the defendant knew or should have known the value of the property that the plaintiffs would bring with them to the hotel on the occasion at issue.

The defendant also contends that the plaintiffs' negligence based claims of breach of warranty and duty to the invitee are not recognized in the District of Columbia, and should be dismissed as such. The defendant maintains that no DC court has ever maintained a cause of action based on breach of warranty of safety and security. The defendant points to several DC cases in which courts have held precisely the opposite. In *Croce v. Hall, Blumenthal v. Cairo Hotel Corp.*, and *Battle v. George Washington University*, DC courts have consistently held that the only applicable standard to determine negligence liability in this jurisdiction is whether the

owner of an establishment has exercised "reasonable care" under the circumstances. 657 A.2d 307 (D.C.1995); 256 A.2d 400, 402 (D.C.1969); 871 F.Supp. 1459, 1461 n. 3 (D.D.C.1994). Because DC does not recognize a breach of safety and security warranty claim, the plaintiffs' claims based on such should be dismissed. Furthermore, the DC Circuit has held this jurisdiction has "abolished common law distinctions between invitees and licensees and instead adopted a reasonable care standard to persons lawfully upon the premises." *Battle* at 1461 n. 3. So that the plaintiffs' claim that the hotel breached an invitee duty should also be dismissed. Finally, the defendant maintains that to the extent that the counts alleged by the plaintiffs in their complaint are duplicative, the court should consider them as consolidated, or simply dismiss them. *Cooke–Seals v. District of Columbia*, 973 F.Supp. 184 (D.D.C.1997) (dismissing duplicative counts because they would require "redundant and inefficient use of judicial resources").

### G. Disposition

The plaintiffs' motion for summary judgment is denied for the following reasons. The common law rule of infra hospitium, to the extent that it exists in DC, has been limited and qualified by § 34–101 of the DC Code, which contains an affirmative defense that the defendant can avail itself of in the instant case for the following reasons.

▮ The bar on hotel liability of a guest's property loss is extinguished, under the statute, if the hotel a) fails to display a copy of the statute, and b) fails to post the notice conspicuously, or c) the property is that which a prudent guest would usually or commonly keep in their room with the reasonable expectation that the hotel would guard against its loss. Contrary to the plaintiffs' contentions none of these factors is fatal to the defendant's affirmative defense on the facts of this case, and no reasonable jury, based on the evidence proffered by the plaintiffs, could make a finding to the contrary.

First, § 34–101 applies when the host hotel has either posted a "printed copy of § 34–101 (or summary thereof)." Id. As maintained by the defendant and admitted by the plaintiffs, the hotel did post a summary of § 34–101 next to the safe in which the plaintiffs placed their valuables. This was sufficient to place the plaintiffs on notice and satisfy the defendant's obligation under the statute to do such. Second, the posting was "conspicuous" enough to put the plaintiffs on notice as evinced by the fact that the notice is placed right next to the in-room convenience depository box, as well as the fact that the plaintiffs admit to having seen the notice during various prior stays at the hotel. Third, the plaintiffs' decision to place $1.2 million dollars worth of jewelry in their hotel room safe, which was noticed with the warning that more suitable safety deposit boxes were maintained at the front desk of the hotel, was not "usual, common, or prudent" as evinced by the plaintiffs' own statement that they had never brought property of that much value to the hotel before, and that they usually do not travel with property of that much value.

▮ Even if the defendant does not prevail on its affirmative defense claim, which this Court finds that it does, the plaintiffs still have not shown that they are entitled to summary judgment as a matter of law for the following reasons. First, several of the plaintiffs' counts, namely breach of safety and security warranty, breach of duty to invitee, and gross negligence, are not recognized by this jurisdiction as being actionable in cases pertaining to property loss in hotel establishments, and are for that reason dismissed. Sec-

ond, the plaintiffs have failed to establish the bare bones of their negligence claim because they have failed to show that the defendant did not exercise reasonable care. The facts are supportive of the contrary conclusion. Not only did the defendant provide for in-room convenience safes, but the defendant also posted notice next to those safes that it considered only the safety deposit boxes maintained at the front desk to be suitable depositories to leave valuables in, for purposes of the statute which they also posted a summary of. Furthermore, the plaintiffs' lack of prudence in choosing to place $1.2 million dollars worth of jewelry in a hotel room safe, an act that is not usual, common, or prudent, would make them contributorily negligent. "In this jurisdiction, the contributory negligence of the plaintiff is a complete bar to recovery." *Elam v. Ethical Prescription Pharmacy, Inc.*, 422 A.2d 1288, 1289 n. 2 (D.C.1980); *Massengale v. Pitts*, 737 A.2d 1029, 1032 (D.C.1999).

## Conclusion

For the aforementioned reasons, this Court denies the plaintiffs' motion for partial summary judgment on both counts, and grants the defendant's summary judgment motion, finding the defendant not liable for the plaintiffs' property loss.

A separate order shall issue on this date.