**Patricia BELL, Appellant.**

v.

**ELITE BUILDERS and HVAC Inc., et al., Appellees.**

No. 14–7148.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2015.

Charles Clinton Parsons, Charles C. Parsons & Associates, Washington, DC, for Plaintiff–Appellant.

John J. Murphy, III, Esq., Walker & Murphy, LLP, Rockville, MD, for Defendant–Appellee.

Before: GARLAND, Chief Judge, MILLETT, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's grant of summary judgment be affirmed.

Plaintiff Patricia Bell contracted with the defendants to renovate her home, in which she continued to live while construction was ongoing. During the renovation, workmen left a drop cloth spread across the wood floor in Bell's kitchen. It had been there for several days when, one morning, Bell heard scratching on the out-

side of her house. She walked through the kitchen—across the drop cloth—to investigate. Upon looking out the backdoor, Bell observed opossums rummaging in a pile of construction rubble. She crossed the drop cloth again, this time to retrieve her camera, and then returned across the cloth to the door to take photographs of the rodents. While standing on the edge of the cloth, she leaned out of the door, "trying to pose and get a better picture." Bell Dep. 24 (J.A. 171). Her ankle then "got twisted up in the drop cloth," causing her to fall and break her ankle. *Id.*

Bell brought suit against the defendants, alleging that they were negligent in leaving the drop cloth on the kitchen floor. The defendants invoked the affirmative and complete defenses of contributory negligence and assumption of risk, and then moved for summary judgment. The district court granted the defendants' motion on assumption of risk grounds. Bell appeals. We need not reach the assumption of risk issue, because we affirm the district court's grant of summary judgment on the alternative ground—raised both in the district court and on appeal—that Bell was contributorily negligent. *See RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP,* 682 F.3d 1043, 1045 n. 2 (D.C.Cir.2012) ("[T]his court may affirm a district court on grounds other than those found by the district court.").

Contributory negligence is a complete bar to liability for negligence under District of Columbia law. *Juvenalis v. District of Columbia,* 955 A.2d 187, 193 (D.C.

2008). To succeed, the defendants must establish "that the plaintiff failed to exercise reasonable care" and "that this failure was a substantial factor in causing the alleged damage or injury." *Massengale v. Pitts,* 737 A.2d 1029, 1031 (D.C.1999). Here, "the evidence, taken in the light most favorable to the plaintiff, establishes contributory negligence so clearly that no other inference can reasonably be drawn," *Poyner v. Loftus,* 694 A.2d 69, 71 (D.C. 1997). Specifically, the undisputed facts show that Bell acted negligently when she was "distracted" while "looking through the camera and leaning to get the best picture," Bell Counterstatement of the Facts ¶ 15 (J.A. 158), while standing on a "wrinkled drop cloth laying on a polished slippery wood floor," *id.* ¶ 6 (J.A. 157), and that this negligence was a substantial factor in causing her injury. Accordingly, the defendants were entitled to summary judgment. *See Poyner,* 694 A.2d at 71.

Pursuant to D.C. CIR. RULE 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41(a)(1).